**Josh Newton**, OSB# 983087
jn@karnopp.com
**Sarah R. Monkton**, OSB# 196018
srm@karnopp.com
KARNOPP PETERSEN LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
TEL: (541) 382-3011
FAX: (541) 383-3073

*Of Attorneys for The Confederated Tribes of the
Warm Springs Reservation of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **E.J.T.**, a minor, by and through his Conservator, InTRUSTment, Northwest, Inc., <br><br> Plaintiff, <br><br> v. <br><br> **JEFFERSON COUNTY**, a public body; **TYLER W. ANDERSON**, in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity, <br><br> Defendants. | Civil No. 3:20-cv-1990-JR <br><br> UNOPPOSED MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE <br> By The Confederated Tribes of the Warm Springs Reservation of Oregon |

**CERTIFICATE OF COMPLIANCE WITH LR 7-1**

Pursuant to LR 7-1(a), the undersigned counsel certifies that the parties' counsel have

conferred regarding this motion and that plaintiff and defendants do not oppose the motion.

Page 1 – UNOPPOSED MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

## MOTION

While expressly reserving its sovereign immunity, The Confederated Tribes of the Warm Springs Reservation of Oregon ("CTWS" or "Tribe") moves the Court for an order allowing it to appear and participate as amicus curiae in this action with respect to the Findings and Recommendation issued by U.S. Magistrate Russo on November 10, 2021 (ECF 63). The Tribe seeks leave to file an amicus brief contemporaneously with defendant Arjang Aryanfard's objection to Magistrate Russo's Findings and Recommendation and to participate in any hearing on the objection as directed by the Court.[1] The motion is supported by the court file and the below memorandum in support.

## MEMORANDUM IN SUPPORT

### I.      Legal Standard.

District courts have broad discretion to appoint amicus parties. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "The classic role of amicus curiae … [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). The Oregon district court commonly allows Oregon's federally-recognized tribes (including CTWS) to appear as amicus curiae in cases implicating important issues of tribal sovereignty for which the tribes themselves have unique information and perspectives. *See, e.g., Deschutes River Alliance v. Portland General Electric Company*, Case No. 3:16-cv-01644-SI

---

[1]      The Tribe reserves the right to file a future motion for leave to participate as amicus curiae in other aspects of this action if it determines that doing so could help the Court better understand its sovereign interests implicated by the action.

Page 2 – UNOPPOSED MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

(D. Or. Filed Apr. 7, 2017); *Center for Biological Diversity v. U.S. Bureau of Reclamation*, 6:15-cv-02358-TC (D. Or. Filed Jan. 20, 2016); *Audubon Society of Portland v. U.S. Army Corps of Engineers*, United States District Court, Case No. 3:15-cv-00665-SI (D. Or. Filed Apr. 20, 2015); and *National Wildlife Federation v. NMFS*, Case Nos. 3:01-cv-00640-SI, 3:05-cv-00023-SI (D. Or. filed May 3, 2001).

**II.    The Court Should Allow the Tribe to Appear as Amicus Curiae in this Action.**

The Tribe is a federally-recognized, sovereign Indian tribe and successor to the Indian signatories of the Treaty with the Tribes of Middle Oregon of June 25, 1855, 12 Stat. 963 ("1855 Treaty" or "Treaty"). Indian tribes (including CTWS) are "distinct, independent political communities, retaining their original natural rights" in matters of self-government. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55 (1978) (quoting *Worcester v. Georgia*, 6 Pet. 515, 559, 8 L.Ed. 483 (1832)). Although subject to plenary control by Congress, the Tribe retains its "historic sovereign authority" in every respect "'unless and until' Congress acts." *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014) (quoting *United States v. Wheeler*, 435 U.S. 313, 323 (1978)). The Tribe's inherent sovereign authority includes the authority to engage in policing for protection of the health and welfare of the Tribe and its members. *See United States v. Cooley*, 141 S.Ct. 1638, 1644 (2021).

The Tribe occupies the Warm Springs Reservation, which its predecessors reserved in the 1855 Treaty. Congress has exempted the Warm Springs Reservation from state criminal and civil jurisdiction. *See* 18 U.S.C § 1162; 28 U.S.C. § 1360. The Tribe seeks leave to appear as amicus curiae to draw the Court's attention to its important sovereign interests relating to law enforcement and public safety implicated by this action, including those interests that may have been overlooked or misunderstood by counsel and U.S. Magistrate Russo in connection with

Page 3 – UNOPPOSED MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

defendant Aryanfard's motion to dismiss or, in the alternative, motion for judgment on the pleadings. For example, the parties and Magistrate Russo seem to have overlooked that Congress has expressly exempted the Warm Springs Reservation from the State of Oregon's civil laws of general applicability to private persons. 28 U.S.C. § 1360(a). Magistrate Russo was, thus, not given the opportunity to consider whether Congress has preempted the application of state civil law, including statutory and common law torts, on the Warm Springs Reservation. Magistrate Russo also appears to have overlooked that portion of the Warm Springs Tribal Code ("WSTC") implementing Senate Bill 412 (2011), which expressly authorizes tort claims against "State Certified Tribal Officers" to be brought in Warm Springs Tribal Court. WSTC § 390.130. In so doing, she mistakenly concluded that "it is unlikely plaintiff would be able to seek relief in Warm Springs Court," which served as a predicate for her holding that the Oregon courts have jurisdiction over plaintiff's claims against defendant Aryanfard. ECF 63 at 17. For these and other reasons, the Tribe requests that Court grant its motion for leave to appear as amicus curiae.

## III.    Conclusion.

The Tribe has sovereign interests implicated by this action, which include its inherent sovereign authority to engage in policing for protection of the health and welfare of the Tribe and its members. The Tribe, therefore, respectfully requests that it be allowed to appear and participate as amicus curiae in this action with respect to the Findings and Recommendation issued by U.S. Magistrate Russo on November 10, 2021 (ECF 63).

Respectfully submitted.

DATED:  November 24, 2021.

KARNOPP PETERSEN LLP


_s/_ Josh Newton
Josh Newton, OSB #983087
Sarah R. Monkton, OSB# 196018

*Of Attorneys for The Confederated Tribes of the Warm Springs Reservation of Oregon*

W989.26\1788353_3

CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I filed a true and correct copy of the

foregoing document with the Clerk of the Court for the United States District Court – District of

Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will

be served by the CM/ECF system.

KARNOPP PETERSEN LLP

*s*/Josh Newton
Josh Newton, OSB #983087
jn@karnopp.com
Sarah R. Monkton, OSB #196018
srm@karnopp.com
*Of Attorneys for The Confederated Tribes of the*
*Warm Springs Reservation of Oregon*

**CERTIFICATE OF SERVICE**