**Josh Newton**, OSB# 983087
josh.newton@bbklaw.com
**Sarah R. Monkton**, OSB# 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
TEL: (541) 382-3011
FAX: (541) 382-5410

*Of Attorneys for The Confederated Tribes of the
Warm Springs Reservation of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **E.J.T.**, a minor, by and through his Conservator, InTRUSTment, Northwest, Inc., <br><br>Plaintiff,<br><br>v.<br><br>**JEFFERSON COUNTY**, a public body; **TYLER W. ANDERSON**, in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity,<br><br>Defendants. | Civil No. 3:20-cv-1990-JR<br><br>SUPPLEMENTAL MEMORANDUM By *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon |

**I.   Introduction.**

Congress has found "there is no resource that is more vital to the continued existence and integrity of Indian tribes than their children." 25 U.S.C. § 1901(3). Congress has also rightly

Page 1 –   SUPPLEMENTAL MEMORANDUM By *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon

observed that "the United States has a direct interest, as trustee, in protecting Indian children who are members of *or are eligible for membership in an Indian tribe*." *Id.* (emphasis added). It is also the longstanding policy of the United States to encourage tribal self-government. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14 (1987). And, tribal justice systems are "an essential part of tribal governments and serve as important forums for ensuring public health and safety and the political integrity of tribal governments." 25 U.S.C. § 3601(5). Put simply, tribal courts serve a "vital role in tribal self-government." *Iowa Mut. Ins. Co.*, 480 U.S. at 14.

Plaintiff is an Indian recognized by the community and was on the Warm Springs Reservation at the time that his claim accrued against defendant Arjang Aryanfard, who at the time was a Warm Springs Tribal Police officer ("Officer Aryanfard"). Plaintiff is, thus, an Indian for purposes of Tribal Court jurisdiction. Warm Springs Tribal Code ("WSTC" or "Tribal Code") § 200.010(1). For those reasons, the Warm Springs Tribal Court ("Tribal Court") has subject matter jurisdiction over Plaintiff's claims against Officer Aryanfard. WSTC § 200.025. *Amicus curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon ("Tribe") thus asks that this Court dismiss Plaintiff's claims against Officer Aryanfard in order to allow the Tribal Court the opportunity to adjudicate such claims in accordance with its sovereign rights to self-govern.[1]

---

[1] The Tribe incorporates by reference herein its prior memorandum filed on December 10, 2021. ECF 70.

Page 2 –   SUPPLEMENTAL MEMORANDUM By *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon

## II.     Points and Authorities.

### A.     Relevant Procedural History.

On November 17, 2020, Plaintiff E.J.T., a minor by and through his Conservator, filed a complaint against several defendants, including Arjang "R.J." Aryanfard ("Officer Aryanfard"). ECF 1. Plaintiff alleges that Officer Aryanfard was a police officer employed by the Warm Springs Police Department at all times relevant to the complaint. *Id.* Plaintiff alleges two claims against Officer Aryanfard: negligence and violation of ORS 124.105. On June 24, 2021, Officer Aryanfard filed motions to dismiss, or in the alternative, motions for judgment on the pleadings. ECF 35. On November 10, 2021, Magistrate Russo issued written Findings & Recommendation, recommending that Officer Aryanfard's motions be denied. ECF 63.

On November 24, 2021, the Tribe filed an unopposed motion for leave to appear and participate as *amicus curiae* with respect to the Findings & Recommendation issued by Magistrate Russo. ECF 68. On November 29, 2021, the Court entered an Order granting the Tribe's motion. ECF 69. On December 10, 2021, the Tribe filed a memorandum in connection with the objections to Magistrate Russo's Findings & Recommendation filed by Officer Aryanfard. ECF 70. The Tribe disagreed with Magistrate Russo's recommendation that this Court should "find Oregon courts have jurisdiction over the claims and therefore this Court has supplemental jurisdiction" to adjudicate Plaintiff's claims against Officer Aryanfard. *Id.* The Tribe contended that federal, state, and tribal law recognize that the Tribal Court is the proper forum to adjudicate those claims, and long-standing judicial precedent requires that Plaintiff exhaust his tribal court remedies before seeking any relief in federal court. *Id.* The Tribe asked

that the Court not adopt Magistrate Russo's Findings & Recommendation and instead dismiss Plaintiff's claims against Officer Aryanfard. *Id.*

On March 4, 2022, the Court held a hearing on Officer Aryanfard's objections to Magistrate Russo's Findings & Recommendation. At the conclusion of the hearing, the Court observed, in part:

> "I appreciate the parties' thoughtfulness and helpful oral arguments here today. I'm reluctant to do what I'm about to do, but I am going to delay the issue somewhat. *I think there's a powerful case for exclusive tribal jurisdiction*, but I think the case is currently sitting on a record that's fragile or shaky or weak in ways that I don't like for ultimately resolving it.
>
> "And there are two questions I think are useful to resolve before I ultimately decide my jurisdiction. * * *

Transcript of Hearing, dated March 4, 2022, ("Tr.") at 58 (emphasis added). The first question posed by the Court is whether Plaintiff is an "Indian" for purposes of Tribal Court jurisdiction. *Id.* The second question relates to Officer Ayranfard's knowledge and belief about the nature of the criminal investigation and whether he understood that "he was dealing with a crime committed on the reservation by a tribal member." Tr. at 59.

This memorandum addresses the Court's first question. For the reasons explained below, Plaintiff is an Indian for purposes of Tribal Court jurisdiction.

### B. Plaintiff is an "Indian" for Purposes of Warm Springs Tribal Court Jurisdiction.

The Tribal Court has jurisdiction over "[a]ll Indians, without regard to where they may be found, in cases" where the Court has subject matter jurisdiction. WSTC § 200.025(1)(a). The Tribal Court's subject matter jurisdiction includes "cases arising upon the Reservation." WSTC

§ 200.025(2)(a). The "Reservation" means "all territory within the external boundaries of the Warm Springs Reservation." WSTC § 200.010(2).

Plaintiff's claims against Officer Aryanfard arose on the Warm Springs Reservation, given that the complaint alleges that Plaintiff's only contact with Officer Aryanfard occurred at the Warm Springs Police Department. ECF 1, ¶ 25. And, there is no dispute that the Warm Springs Police Department is located on the Reservation. The Tribe, thus, turns to the issue of whether Plaintiff is an Indian for purposes of Tribal Court jurisdiction, which is the first question that the Court posed to the parties at the conclusion of the March 4, 2022 hearing. The answer is yes; Plaintiff is an Indian for purposes of Tribal Court jurisdiction.

An "Indian" means the following for purposes of Tribal Court jurisdiction:

> "unless otherwise specified, a member of the Confederated Tribes of the Warm Springs Reservation of Oregon, or any other person of Indian blood who is a member of a federally recognized Indian Tribe or any other person on the Reservation who is recognized by the community as an Indian, including a Canadian Indian or an Alaska native."

WSTC § 200.010(1).[2] Plaintiff is not currently a member of the Tribe but is eligible for membership in the Tribe. To the Tribe's knowledge, Plaintiff is not a member of any other federally-recognized Indian tribe. Plaintiff, however, is a person recognized by the community as an Indian for at least the following reasons.

---

[2] The definition of "Indian" for Tribal Court civil jurisdiction purposes is consistent with other parts of the Warm Springs Tribal Code. *See, e.g.,* WSTC §§ 120.010(18) (Enrollment Code); 320.010(3) (Probate Code); 330.010(5) (Emergency Detention of Mentally Ill Persons Code); 331.010(1) (Domestic Relations Code); 360.110(6) (Juvenile Code); and 362.010(6) (Conservators and Guardians Code).

Page 5 –   SUPPLEMENTAL MEMORANDUM By *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon

First, Plaintiff is also an "Indian child" for purposes of Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq.* ("ICWA"), because he is under eighteen years of age, is the biological child of a member of the Tribe, and is eligible for membership with the Tribe. 25 U.S.C. § 1903(4); *see* Declaration of Lucille Suppach-Samson in Support of the Supplemental Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon ("Suppach-Samson Dec."), ¶ 6. And the Tribe is the "Indian child's tribe"—that is, Plaintiff's tribe—for purposes of ICWA. 25 U.S.C. § 1911(c). The Tribe has the right to assert jurisdiction over child welfare matters pertaining to children for whom it is the "Indian child's tribe," including the right to transfer jurisdiction of a state child custody proceeding even when the "Indian child" is not domiciled on or a resident of the Reservation. WSTC § 360.115(4); *see also* 25 U.S.C. § 1911(b). The Tribe may also elect to intervene in state court proceedings involving the Indian child, regardless of where he or she resides. *See* WSTC § 360.115; 360.500; *see also* 25 U.S.C. § 1911.

Second, Plaintiff is recognized by the Tribe as a "Juvenile" entitled to the protections of the Tribal Court and Warm Springs Child Protection Services because he is "eligible for enrollment as a member of the Tribe." WSTC § 360.110(8); s*ee generally* WSTC Ch. 360. Plaintiff can demonstrate the requirements for automatic enrollment with the Tribe, because he has the proper blood quantum, his father is an enrolled member of the Tribe, and his father maintained a residence on the Reservation at the time of his birth. *See* WSTC § 120.300; Suppach-Samson Dec., ¶ 6.

And, finally, Plaintiff is an "Indian" recognized by the community for purposes of being eligible to receive Indian Health Service ("IHS"), health care services. *See* U.S. Dept. of Health and Human Services, Indian Health Service, Indian Health Manual, Part 2, Chapter 1- Eligibility for Services, 2-1.2 B.(1) (natural children, under nineteen years of age, of an eligible Indian are eligible for IHS health services). Plaintiff is eligible to receive health services at the IHS Warm Springs Service Unit—*i.e.*, the Warm Springs Health & Wellness Center—located on the Warm Springs Reservation, because the Tribe considers minor children eligible for enrollment with the Tribe to be "persons of Indian descent belonging to the Indian community" served by the Warm Springs Health and Wellness Center in accordance with 42 C.F.R. § 136.12(a). Declaration of Michael C. Collins In Support of the Supplemental Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon.

Plaintiff's eligibility for automatic enrollment with the Tribe, for protection under the Warm Springs Juvenile Code, and to receive health services at the Warm Springs Health and Wellness Center, show that Plaintiff is recognized by the Tribe as an Indian by the community. The Tribe's appearance in this action is further evidence that it considers Plaintiff to be a person of Indian descent belonging to its community. Plaintiff is an Indian recognized by the community and was on the Warm Springs Reservation at the time that his claim accrued. He is, therefore, an Indian for purposes of Tribal Court jurisdiction. WSTC § 200.010(1). The Tribal Court has subject matter jurisdiction over Plaintiff's claims against Officer Aryanfard. WSTC § 200.025. To the extent there is any remaining doubt regarding Plaintiff's status as an Indian under WSTC § 200.010(1), as a matter of sovereignty and self-determination, the issue is

properly resolved by the Tribal Court itself in the first instance. *See National Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985) (recognizing that tribal courts are "best qualified to interpret tribal law").

### III. Conclusion

The Court should not adopt Magistrate Russo's Findings & Recommendation and should dismiss Plaintiff's claims against Officer Aryanfard. Federal, state, and tribal law recognize the Warm Springs Tribal Court as the proper forum to adjudicate those claims, and long-standing judicial precedent requires that Plaintiff exhaust his tribal court remedies before seeking any relief in federal court.[3]

DATED: October 3, 2022.

BEST BEST & KRIEGER LLP

*s/ Josh Newton*
Josh Newton, OSB #983087

Of Attorneys for *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon

---

[3] In the event that the Court does not dismiss Plaintiff's claims against Officer Aryanfard, the Tribe expressly reserves the right to seek additional leave of court to appear as *amicus curiae* in this action to the extent that would be helpful to the Court, including without limitation, helping the Court understand the applicability of the Warm Springs Tribal Code Chapter 205 (Tort Claims Ordinance) and its limitations on liability as related to Plaintiff's claims in this action.

CERTIFICATE OF SERVICE

I hereby certify that on Ocotber 3, 2022, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

BEST BEST & KRIEGER LLP

*s/ Josh Newton*
Josh Newton, OSB #983087

*Of Attorneys for Amicus Curiae The Confederated Tribes of the Warm Springs Reservation of Oregon*

**CERTIFICATE OF SERVICE**
12805.09827\40650590.9