JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amicus Curiae The Confederated
Tribes of the Warm Springs Reservation of Oregon*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| E.J.T., a minor, by and through his Conservator, InTRUSTment Northwest, Inc.,<br><br>          Plaintiff,<br><br>   v.<br><br>JEFFERSON COUNTY, a public body; TYLER W. ANDERSON, in his individual capacity; and ARJANG ARYANFARD, in his individual capacity,<br><br>          Defendants. | Civil No.:  3:20-cv-1990-JR<br><br>Declaration of Josh Newton in Support of the Supplemental Response Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon |

I, Josh Newton, declare and say:

1.       I am an attorney for *amicus curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon ("Tribe"), and the following is true to the best of my knowledge, information, and belief.

2.       I attach as Exhibit 1 a partially redacted copy of the Petition for Appointment of Conservator for Minor, which I downloaded on October 17, 2022, from the court register in the

Page 1 – Declaration of Josh Newton In Support of the Supplemental Response Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon

12805.09827\40778583.4

following action: *In the Matter of the Conservatorship of Ezra Jerome Thomas*, Jefferson County

Circuit Court Case No. 20PR00609.

      3.      I attach as <u>Exhibit</u> <u>2</u> a true, accurate, and complete copy of Ordinance 93, adopted

on February 7, 2012, by the Tribal Council of The Confederated Tribes of the Warm Springs

Reservation of Oregon.

      **I declare under penalty of perjury that the foregoing is true and correct.**


Dated:      Executed October 17, 2022      By: _____

                                                Josh Newton

Page 2 – Declaration of Josh Newton In Support of the Supplemental Response Memorandum
by *Amicus Curiae* The Confederated Tribes of the Warm Springs Reservation of Oregon
12805.09827\40778583.4

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2022, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system.  Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

BEST BEST & KRIEGER LLP


*s/ Josh Newton*
Josh Newton, Bar No. 983087
josh.newton@bbklaw.com

*Of Attorneys for Amicus Curiae The Confederated
Tribes of the Warm Springs Reservation of Oregon*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JEFFERSON

PROBATE DEPARTMENT

| | |
|---|---|
| In the Matter of the Conservatorship of:<br><br>█E.J.T.█████████████ ,<br><br>Respondent. | Case No.   20PR00609<br><br>**PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**<br><br>Combined Value of Estates:  $0.00<br>Filing Fee Per ORS 21.180(1)(a): $278.00 |

Gary Beagle, on behalf of InTRUSTment Northwest, Inc., petitions this court to appoint InTRUSTment Northwest, Inc., a professional fiduciary, as conservator for █E.J.T.█████████ for the purpose of investigating tort claims arising from his physical abuse, and if appropriate, for pursuing tort claims and managing any recovery.

Petitioner is an out-of-state, state-chartered trust company incorporated under the laws of Washington, and is authorized to conduct trust business in the State of Oregon pursuant to ORS 709.005 per the attached certificate.  Petitioner is therefore exempt from the disclosure requirements of ORS 125.221 and ORS 125.240 pursuant to ORS 124.242.

1.

The following information is given with regard to the minor respondent, the petitioner, and the proposed conservator:

Page 1 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR

NEWTON DECLARATION EXHIBIT 1
Page 1 of 11

Respondent Information:

    Name:       E.J.T.
    Age:        4
    Birth date:   Redacted
    Current
    Address:    Redacted

Petitioner Information:

    Name:       Gary Beagle
    Address:    InTRUSTment Northwest, Inc.
              PO Box 61604
              Vancouver, WA  98666-1604
    Telephone:   503-248-9580
    Relationship to Respondent:  None – Professional Fiduciary

Proposed Conservator Information:

    Name:       InTRUSTment Northwest, Inc.
              (Gary Beagle, Decisionmaker)
    Address:    PO Box 61604
              Vancouver, WA  98666-1604
    Telephone:   503-248-9580
    Relationship to Respondent:  None – Professional Fiduciary

2.

The proposed conservator is a professional fiduciary who was contacted by litigation counsel retained to investigate and pursue the respondent's tort claims arising from physical abuse that resulted in catastrophic, permanent injuries.

3.

**Page 2 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

1    The proposed conservator is willing and able to serve as the respondent's

2  conservator, and is qualified and suitable to do so.

3                                    4.

4    The proposed conservator has not been convicted of a crime, filed for

5  bankruptcy, or had a license revoked or canceled that was required by law of any

6  state for the practice of an occupation or a profession.

7                                    5.

8    No other fiduciaries have been appointed for the respondent other than the

9  Oregon Department of Human Services, who is respondent's legal guardian.

10  Respondent's caseworker's address is as set for the below.

11                                    6.

12    The respondent's treating physician is Dr. Jeff Meyrowitz, Central Oregon

13  Pediatric Association, 2200 NE Professional Court, Bend, OR  97701.

14                                    7.

15    The purpose of this petition is to appoint a conservator to investigate potential

16  civil claims on behalf of the respondent; to bring such claims if warranted by the

17  facts and the law; and to establish a special needs trust and serve as trustee in the

18  event of a financial recovery for respondent.

19    The facts that support this request for appointment of a conservator are as

20  follows:   Respondent is four years old, and suffered severe and permanent brain

**Page 3 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

1   damage from an assault perpetrated by his mother's former boyfriend, Josue J.

2   Mendoza-Melo.  Respondent permanently lacks the knowledge and skills necessary

3   to effectively manage assets, including potential civil claims, and is permanently

4   incapacitated as well.

5          Respondent was treated at St. Charles Medical Center in Madras on no fewer

6   than four occasions in the summer and fall of 2017.  The first occasion was for a

7   thumb injury for which he was casted.  The second was for a dislocated shoulder.

8   The third was for bruising around his groin.  The fourth, which occurred November

9   19, 2017, was for a catastrophic brain injury that left respondent permanently and

10  severely disabled.  All of the injuries sustained by respondent in 2017 are believed to

11  be the result of assaults perpetrated by Josue Mendoza-Melo, who was the boyfriend

12  of respondent's mother, and Mr. Mendoza-Melo has been convicted of Attempted

13  Aggravated Murder and Criminal Mistreatment in the First Degree in Jefferson

14  County Case No. 17CR76744 for crimes that resulted in respondent's permanent

15  injuries.

16         Respondent suffered a severe traumatic brain injury in the assault by Mr.

17  Mendoza-Melo.  He has extremely limited mobility, suffers from regular seizures,

18  breathes with the assistance of a tracheotomy, and is fed through a feeding tube.  He

19  is in permanent foster care with his maternal grandmother, Tina Jorgensen, and

20  requires full-time, 24-hour care.

**Page 4 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE Broadway Street, Portland, OR  97232-1511
Telephone:  (503) 546-3150 • Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

NEWTON DECLARATION EXHIBIT 1
Page 4 of 11

1    Ms. Jorgensen contacted attorney Brigid Turner of the Bend firm of Dwyer

2    Williams Cherkoss in the spring of 2019 to evaluate whether respondent's injuries

3    were caused in part by the acts or omissions of those responsible for evaluating and

4    investigating his injuries prior to the November 19, 2017, catastrophic injury.  Ms.

5    Turner obtained a number of medical records for respondent and some information

6    from the Oregon Department of Human Services, but she has been unable to obtain

7    access to the investigative records of the responding police and prosecuting agencies

8    despite repeated requests.  Respondent's dependency counsel has not responded to

9    requests to ask the dependency court to authorize the release of information to her

10   pursuant to ORS 419A.255 and 419A.258.  Ms. Turner associated attorney Erin K.

11   Olson, who in turn contacted petitioner to serve as fiduciary in this protective

12   proceeding.

13       There is conflicting information between what is contained in respondent's

14   medical records and what has been provided by DHS.  This protective proceeding is

15   being opened for the express purpose of obtaining the court's assistance in obtaining

16   documents and information necessary to investigate respondent's tort claims,

17   because Ms. Turner and Ms. Olson advise petitioner that they are unable to conduct

18   the inquiry and make the certifications required by ORCP 17C without further

19   information.

20

8.

Page 5 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR

NEWTON DECLARATION EXHIBIT 1
Page 5 of 11

1    Efforts to proceed through less restricted alternatives, i.e. without the

2    appointment of a conservator, have been unsuccessful, as set forth above.

3                                                9.

4    Petitioner will not have guardian authority, and therefore ORS 125.055(2)(h)

5    does not apply.

6                                                10.

7    Respondent's estate consists of potential tort claims arising from his physical

8    abuse, as described in Paragraph 7.  Respondent has no income.

9                                                11.

10    Petitioner is not a public or private agency or organization that provides

11    services to the respondent, or an employee of a public or private agency or

12    organization that provides services to the respondent.

13                                                12.

14    Petitioner seeks plenary authority of a conservator, and further, requests

15    specific authority in accordance with ORS 125.025(3), (7), and (8); ORS 125.650(5);

16

17

18

19

20

**Page 6 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

NEWTON DECLARATION EXHIBIT 1
Page 6 of 11

1    and ORS 125.465(1)(d) to subpoena records pertaining to the incidents and

2    investigations described in Paragraph 7.

13.

4        The estimated value of respondent's estate is unknown at this time, and

5    petitioner requests that bond and inventory be postponed until funds come into the

6    estate.

14.

8        The names and addresses, and relationship to the respondent of persons

9    entitled to notice of this petition under ORS 125.060 are:

10        (a) Respondent:        Not required pursuant to ORS 125.060(2)(a) because
                                respondent has not attained the age of 14 years.

11

        (b) Parents of Respondent:

12

            Name:            Andre J. Thomas
13          Relationship:    Father
            Address:         3108 Highway 3
14                           P.O. Box 208
                             Warm Springs, OR  97761
15
            Name:            Kaytlynne Rogerson
16          Relationship:    Mother
            Address:         426 Ashwood Road
17                           Madras, OR  97741

18    / / /

19    / / /

20

**Page 7 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE Broadway Street, Portland, OR  97232-1511
Telephone:  (503) 546-3150 • Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

1     (c) Others entitled to notice under ORS 125.060(2)(d)-(g):

2          Name:              Tina Jorgensen; Eric Jorgensen
            Relationship:     Maternal Grandmother & Permanent Foster Parent
3                             and Husband
            Address:          1251 NE Bean Way
4                             Madras, OR  97741


5          Name:              Jason Munn
            Relationship:     Court-Appointed Attorney for Respondent
6                             in Dependency Case
            Address:          212 SW 4th Street, Suite 302
7                             Madras, OR  97741


8          Name:              Faith R. Decides
            Relationship:     Legal Guardian of Respondent
9          Address:          Oregon Department of Human Services
                              678 NE Highway 97, Suite C
10                            Madras, OR  97741


11         Name:              Oregon Health Authority
            Relationship:     Payer of Moneys under ORS Chapter 414
12         Address:          500 Summer Street NE, E-20
                              Salem, OR  97301-1097
13

           Name:              Confederated Tribe of Warm Springs
14                            Attn:  Children's Protective Services
            Relationship:     ICWA Contact
15         Address:          P.O. Box C
                              Warm Springs, OR  97761
16
                                    15.
17

18         Respondent is Native American, but this is not an Indian child custody

proceeding within the meaning of the Indian Child Welfare Act, 25 U.S.C. § 1901 *et*
19
*seq.*
20

**Page 8 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

NEWTON DECLARATION EXHIBIT 1
Page 8 of 11

1      16.

2      Venue for this proceeding lies in Jefferson County because the minor

3  respondent resides in Jefferson County.  No other court in the State of Oregon, or any

4  other state, has acquired jurisdiction in this conservatorship matter, and no

5  conservator, fiduciary (other than the Department of Human Services), or trustee has

6  previously been appointed for the minor respondent.

7      WHEREFORE, the petitioner prays for a limited judgment:

8      (a)    Finding that Respondent is a minor and financially incapable;

9      (b)    After service of notice as required by law and such notice as the court

10            directs, appointing InTRUSTment Northwest, Inc., as conservator for

11            respondent for an indefinite period of time, and directing that letters of

12            conservatorship issue to InTRUSTment, Northwest, Inc.;

13     (c)    Authorizing the issuance of subpoenas *duces tecum* for the production

14            of documents and information pertaining to the investigation(s) of the

15            injuries sustained by the respondent in 2017; and

16     (d)    Postponing the requirements of bond and inventory until such time as

17            assets come into the conservatorship estate; and

18  ///

19  ///

20

**Page 9 - PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR**

NEWTON DECLARATION EXHIBIT 1
Page 9 of 11

1    I hereby declare that the above statement is true to the best of my

2    knowledge and belief, and that I understand it is made for use as evidence in court

3    and is subject to penalty for perjury.

4    Dated: ___Y-15 ~2p___

5    _____

     Gary Beagle

6

7

8

9

10

11

12

13    **Petitioner and Proposed Conservator:**
      Gary Beagle

14    InTRUSTment Northwest, Inc.
      PO Box 61604

15    Vancouver, WA  98666-1604
      Telephone:   503-248-9580

16

      **Attorney for Petitioner/Proposed Conservator**

17    Law Office of Erin Olson, P.C.
      2014 N.E. Broadway Street

18    Portland, OR  97232-1511
      Phone:  503-546-3150

19    Fax:  503-548-4435
      E-mail:  eolson@erinolsonlaw.com

20

Page 10 – PETITION FOR APPOINTMENT OF CONSERVATOR FOR MINOR

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE Broadway Street, Portland, OR  97232-1511
Telephone: (503) 546-3150 • Fax: (503) 548-4435
E-mail: eolson@erinolsonlaw.com

NEWTON DECLARATION EXHIBIT 1
Page 10 of 11



**DEPARTMENT OF CONSUMER AND BUSINESS SERVICES**
**DIVISION OF FINANCIAL REGULATION**
CERTIFICATE OF AUTHORITY

**InTRUSTment Northwest, Inc**

**WHEREAS,** InTRUSTment Northwest, Inc., an out-of-state, state-chartered trust company incorporated under the laws of the State of Washington, has made application, pursuant to Oregon Revised Statutes (ORS) 709.005, to conduct trust business in the State of Oregon; and,

**WHEREAS**, it appears that InTRUSTment Northwest, Inc. has complied with all of the application requirements under the laws of the State of Oregon to conduct such business in Oregon as an out-of-state trust company;

**NOW, THEREFORE**, I, Andrew Stolfi, Administrator of the Division of Financial Regulation, Department of Consumer and Business Services, State of Oregon do hereby authorize InTRUSTment Northwest, Inc. to conduct trust business in the State of Oregon.

**IN WITNESS WHEREOF**, I have set my hand and caused the seal of the State of Oregon's Department of Consumer and Business Services to be hereunto affixed at Salem, Oregon, this 1st day of October, 2018.

Andrew Stolfi, Administrator
Division of Financial Regulation

NEWTON DECLARATION EXHIBIT 1
Page 11 of 11

440-1943 (12/15/COM)

**ORDINANCE NO. 93**

      **WHEREAS,** The Tribal Council believes that it is in the best interests of the Confederated Tribes of the Warm Springs Reservation of Oregon ("Tribe") to implement Oregon Senate Bill 412 ("SB 412"), which was enacted during the 2011 legislative session, to improve public safety in and around the Warm Springs Indian Reservation; and

      **WHEREAS,** SB 412 requires Oregon tribes that wish to enforce state criminal law under SB 412 to meet certain requirements set forth in the bill; now, therefore,

      **BE IT ENACTED,** By the (25th) Tribal Council of the Confederated Tribes of the Warm Springs Reservation of Oregon, pursuant to Article V, Section 1(a), (i), (l), and (u), of the Tribal Constitution and By-Laws, that the Tribal Council hereby adopts and approves Chapter 390 of the Warm Springs Tribal Code (attached as Exhibit "A"), which is intended to implement the requirements set forth in SB 412, and the applicability of which is limited only to activities conducted by the Warm Springs Police Department when carrying out activities under the authority of SB 412; and

      **BE IT FURTHER ENACTED,** By the Tribal Council that WSTC Chapter 390 shall take effect on February 7, 2012.

<b>CERTIFICATION</b>

      The undersigned, as Secretary-Treasurer/CEO of the Confederated Tribes of the Warm Springs Reservation of Oregon hereby certifies that the Tribal Council is composed of 11 members, of whom 9 constituting a quorum were present at a meeting thereof, duly and regularly called, noticed, convened and held this 7th day of February, 2012; and the foregoing resolution was passed by the affirmative vote of 7 members, 1 member abstained, the Chairman not voting; and that the said resolution has not been rescinded or amended in any way.

Charles R. Calica
Secretary-Treasurer/CEO

ORIGINAL

**NOTED:**          MAR 2  2012

ACTING

Floy L. Anderson
Acting Superintendent


Attachment:    Exhibit "A"


cc:  Secretary-Treasurer/CEO
     Superintendent
     Administrative Services Center

Ordinance 93, Exhibit A

# WARM SPRINGS TRIBAL CODE

## CHAPTER 390

### SB 412 IMPLEMENTATION

**I. GENERAL** ...................................................................................................1
    390.001    Objective. ........................................................................................1
    390.010    Definitions. .....................................................................................1

**II. IMPLEMENTATION OF SB 412 REQUIREMENTS** ................................2
    390.100    Insurance ........................................................................................2
    390.105    DPSST Requirements ......................................................................2
    390.110    Deadly Physical Force Plan .............................................................2
    390.115    Retention of SB 412 Records ..........................................................2
    390.120    Public Inspection of SB 412 Records ..............................................2
    390.125    Biological Evidence ........................................................................2
    390.130    Tort Claims against State Certified Tribal Officers..........................3
    390.135    Pretrial Discovery Policy ................................................................3
    390.140    WSPD Policies and Procedures ......................................................3

**III. SB 412 TORT CLAIMS AGAINST CRITFC** ..........................................3
    390.200    CRITFC Officers ............................................................................3
    390.205    Authorization for Suit ....................................................................3
    390.210    Limitations on Forum, Damages, and Claims for Relief....................3
    390.215    Tort Claim Procedures ....................................................................5

# WARM SPRINGS TRIBAL CODE

## CHAPTER 390

### SB 412 IMPLEMENTATION

### I. GENERAL

**390.001**    **Objective.**  In July 2011, the governor of the State of Oregon signed into law Senate Bill 412 ("SB 412"), which gives officers employed by a federally recognized Indian tribe located within the boundaries of the State of Oregon the power to enforce state law provided that certain requirements are met.  Although the Tribe believes that it may already enforce state law under the Oregon Supreme Court's decision in *State v. Kurtz*, 350 Or. 65, 249 P.3d 1271 (2011), the Tribal Council has determined that it is in the best interests of the Tribe to implement SB 412 so that the ability of the Tribe to enforce state law on and off the Warm Springs Indian Reservation is clearly defined.  The Tribal Council believes that implementation of SB 412 will improve public safety in the Warm Springs community, especially in light of the significant number of non-Indians residing on and visiting the Reservation, over which the Tribe does not have criminal jurisdiction under current United States Supreme Court case law.  This chapter is intended to apply only to activities by the Warm Springs law enforcement personnel conducted under SB 412—*i.e.*, the enforcement of the criminal and traffic laws of the State of Oregon.  Thus, all provisions of this Chapter shall be narrowly construed to apply only to such state law enforcement activities, and to no other activities conducted by Warm Springs law enforcement personnel.

**390.010**    **Definitions.**

    **(1)**    "CRITFC" means the Columbia River Intertribal Fish Commission or its successor organization of which the Tribe is a member.

    **(2)**    "CRITFC Officers" means law enforcement officers employed by CRITFC who are commissioned by the Tribe to enforce the laws of the Tribe, who are certified by DPSST, and who are enforcing state law pursuant to SB 412.

    **(3)**    "DPSST" means the Oregon Department of Public Safety Standards and Training.

    **(4)**    "SB 412" means Senate Bill 412 (Oregon Laws 2011, chapter 644).

    **(5)**    "SB 412 Records" means all records generated by State Certified Tribal Officers while conducting state law enforcement activities under SB 412, and does not include records related to State Certified Tribal Officers, such as personnel records, that are not generated pursuant to the Tribe's state law enforcement authority under SB 412.

    **(6)**    "State Certified Tribal Officer" means a police officer, corrections officer, parole and probation officer, or any other person who is employed by the Tribe as a law

NEWTON DECLARATION EXHIBIT 2
Page 4 of 9
W1093.11(a)\456690.doc

enforcement officer, is certified by DPSST, and is enforcing state law in accordance with this Chapter.

(7)     "Tribe" means the Confederated Tribes of the Warm Springs Reservation of Oregon.

(8)     "WSPD" means the Warm Springs Police Department.

## II. IMPLEMENTATION OF SB 412 REQUIREMENTS

**390.100     Insurance.** The Tribe will maintain public liability and property damage insurance for vehicles operated by State Certified Tribal Officers and police professional liability insurance for State Certified Tribal Officers from a company licensed to sell insurance in the State of Oregon. The Tribe will notify DPSST within 30 days of the effective date of the change if the Tribe materially changes its applicable insurance coverage.

**390.105     DPSST Requirements**. With respect to the Tribe's employment of State Certified Tribal Officers, the WSPD shall comply with the requirements of ORS 181.610 to ORS 181.712 applicable to a "law enforcement unit" as that term is defined in ORS 181.610, and shall comply with any rules promulgated by the DPSST to implement SB 412.

**390.110     Deadly Physical Force Plan**. With respect to state law enforcement activities conducted under SB 412, the Tribe shall participate in the development of, and agree to be bound by, a deadly physical force plan approved under ORS 181.781 to ORS 181.796 to the same extent that the Jefferson County Sheriff is required to participate in, and be bound by, such a plan.

**390.115     Retention of SB 412 Records.** The WSPD shall retain all SB 412 Records in a manner substantially similar to the manner in which the provisions of ORS 192.005 to ORS 192.170 require the Department of State Police to retain public records.

**390.120     Public Inspection of SB 412 Records**. Members of the public, upon request, shall have the right to inspect SB 412 Records in a manner substantially similar to the manner in which the provisions of ORS 192.410 to ORS 192.505 provides members of the public with the right to inspect public records of the Department of State Police.

**390.125     Biological Evidence**. The WSPD shall preserve biological evidence collected by a State Certified Tribal Officer in manner substantially similar to sections 2 to 6, chapter 275, Oregon Laws 2011, when the biological evidence:

(1)     is collected as part of a criminal investigation into certain serious state offenses such as aggravated murder, murder, manslaughter in the first or second degree, rape in the first degree, sodomy in the first degree, unlawful sexual penetration in the first degree, and aggravated vehicular homicide, as set forth in section 2, chapter 275, Oregon Laws 2011; and

NEWTON DECLARATION EXHIBIT 2
Page 5 of 9
W1093.11(a)\456690.doc

(2)    is otherwise in the possession of the WSPD and reasonably may be used to incriminate or exculpate any person for a serious state offense such as aggravated murder, murder, manslaughter in the first or second degree, rape, sodomy, unlawful sexual penetration in the first degree, and aggravated vehicular homicide, as set forth in section 2, chapter 275, Oregon Laws 2011.

**390.130    Tort Claims against State Certified Tribal Officers**. The Tribe has authorized tort claims against the Tribe, its subordinate organizations, enterprises, officers, agents, servants and employees subject to the conditions and limitations set forth in Warm Springs Tribal Code Chapter 205. Any tort claim brought against the Tribe, the WSPD, a State Certified Tribal Officer, or other Tribal official arising from the Tribe's state law enforcement authority under SB 412 must be asserted in accordance with Chapter 205, except that the limitations on damages set forth in WSTC 205.004(1) shall be inapplicable to tort claims arising from the Tribe's state law enforcement authority under SB 412. Instead, limitations of liability applicable to tort claims arising from the Tribe's state law enforcement authority under SB 412 shall be the limitations of liability applicable to a "local public body" (as that term is defined in ORS 30.260(6)) set forth in the Oregon Tort Claims Act, ORS 30.260 to ORS 30.300.

**390.135    Pretrial Discovery Policy**. The WSPD, although exempt from adopting a written pretrial discovery policy under SB 412, may adopt a pretrial discovery policy describing how the WSPD will assist the district attorney in meeting the pretrial discovery obligations imposed on the state by ORS 135.805 to ORS 135.873 for criminal prosecutions conducted in state court in which a State Certified Tribal Officer arrested or cited the defendant.

**390.140    WSPD Policies and Procedures**. The WSPD shall form, update, and implement any policies and procedures necessary to carry out the requirements set forth in this Chapter.

### III. SB 412 TORT CLAIMS AGAINST CRITFC

**390.200    CRITFC Officers**. This Part III applies only to tort claims arising out of the conduct of CRITFC Officers as that term is defined in WSTC 390.010(2).

**390.205    Authorization for Suit**. Subject to the limitations set forth in WSTC 390.210, CRITFC and its officers, agents, servants, and employees, including CRITFC Officers, may be sued in the Warm Springs Tribal Court for conduct arising out of state law enforcement activities conducted by CRITFC Officers pursuant to SB 412 that is not otherwise covered by the Federal Tort Claims Act, or the tribal court of any of CRITFC's other member tribes where that tribe has consented to allow such claims.

**390.210    Limitations on Forum, Damages, and Claims for Relief**. CRITFC may be sued in the Warm Springs Tribal Court only with respect to any damages claim that is within the express coverage and not excluded by either commercial liability insurance carried by CRITFC or an established self-insurance and/or other claims program of CRITFC, and further subject to the following limitations:

(1)    No judgment, order, or award pertaining to any such tort claims permitted hereunder shall exceed the limitations of liability applicable to a "local public

-3-

NEWTON DECLARATION EXHIBIT 2
Page 6 of 9
W1093.11(a)\456690.doc

body" (as that term is defined in ORS 30.260(6)) set forth in the Oregon Tort Claims Act, ORS 30.260 to ORS 30.300.

(2)    Any such judgment, order, or award may only be satisfied pursuant to the express provisions of the policy(ies) of liability insurance and/or established self-insurance or other claims program of CRITFC that are in effect at the time of each such judgment order or award.

(3)    No cause of action shall lie and no judgment may be entered or awarded on any claim for punitive or exemplary damages against CRITFC, nor against any officer, employee, or agent of CRITFC acting within the course and scope of the authority of such office, employment, or agency as it relates to the enforcement of state law under SB 412.

(4)    No cause of action shall lie against CRITFC in the Warm Springs Tribal Court under this Part III where a cause of action arising out of the same facts is pending in or has already been adjudicated by a tribal court of one of the other CRITFC member tribes or any other court of competent jurisdiction.

(5)    Notwithstanding any provisions of this section 390.210, there shall be no exception to the sovereign immunity of CRITFC or its officials, employees, or agents from claims for injury or damage alleged to have been sustained by:

    (a)    policy decisions or the exercise of discretion made by a CRITFC official, employee, or agent in the exercise of judgment or discretion vested in the entity or individual;

    (b)    a decision made in good faith and without the gross negligence in carrying out the law, except that this provision does not immunize a CRITFC officer, employee, or agent from liability for false arrest, false imprisonment or malicious prosecution;

    (c)    probation, parole, furlough or release from confinement of a prisoner or other detainee or from the terms and conditions or the revocation thereof except upon a showing of gross negligence; or

    (d)    any injury or damage caused by an escaping or escaped person or prisoner, a person resisting arrest, or by a prisoner to himself or herself, or to any other prisoner, except upon showing of gross negligence.

(6)    The enumeration of the immunities set forth in subsection (5) above shall not be construed to waive any other immunities, nor to assume any liability except as explicitly provided in this chapter.

    NEWTON DECLARATION EXHIBIT 2

Page 7 of 9

W1093.11(a)\456690.doc

**390.215**    **Tort Claim Procedures**.  Any person or party wishing to institute suit against CRITFC or any officer, employee, or agent of CRITFC in the Warm Springs Tribal Court under this Part III shall, as a jurisdictional condition precedent to institution of such suit, provide notice to the Executive Director of CRITFC, the Secretary-Treasurer of the Warm Springs Tribal Council, and the Chief of CRITFC's Enforcement Department within a period of one year immediately following the events giving rise to the claim.

    **(1)**    Such notices shall be sent by registered mail, addressed to the main administrative offices of the Executive Director of CRITFC, the Secretary--Treasurer of the Tribal Council, and the Chief of CRITFC's Enforcement Department, return receipts requested. The time of such notice shall commence to run only from the date following actual delivery of the last of the notices to be delivered as evidenced upon such receipts, and filed together with such notices with the court in which such action is to be subsequently commenced. The Executive Director of CRITFC, Secretary--Treasurer of the Tribal Council, and the Chief of CRITFC's Enforcement Department shall ensure the availability, during all regular office hours, of office staff personnel duly authorized to accept and receipt for delivery of such notices provided herein, and their receipt thereof shall not waive the assertion of any appropriate defense pertaining to the validity of such notice or service.

    **(2)**    Such notices shall state the name of each prospective plaintiff, the identity of each prospective defendant, the nature of all claims, relief which will be sought, and the correct address, name and telephone number of each prospective plaintiff's attorney or spokesman (if any).

        **(a)**    No action shall be accepted for filing against CRITFC or any officer, employee or agent of CRITFC unless the plaintiff has filed proof of compliance with this Section 390.215 by service of the notices as required by this subsection at least thirty (30) days prior to the date on which the complaint or any other action is proposed to be filed with such court.

        **(b)**    In any action against CRITFC or any officer, employee or agent of CRITFC, the time for responding to be valid service of any summons and complaint shall be sixty (60) days; to valid service of any order to show cause, not less than thirty (30) days; and to valid service of any motion, not less than twenty (20) days. Any claim against CRITFC or any officer, employee or agent thereof, which is filed pursuant to this act, is deemed generally denied sixty (60) days after valid service of the complaint, unless the claimant or claimant's attorney or counsel filing the complaint is advised of acceptance or of a specific or otherwise limited denial in writing or by responsive pleading filed before the expiration of sixty (60) days; and any such claim shall otherwise proceed in the same manner as upon the filing of such general denial thereof. These time periods may not be shortened by Rule of Court or judicial order, but shall be extended by any longer period provided by other applicable law, rule or order of court.

NEWTON DECLARATION EXHIBIT 2
Page 8 of 9
W1093.11(a)\456690.doc

(c)    Any person or party filing a complaint against CRITFC or any officer, employee or agent of CRITFC in the Warm Springs Tribal Court shall serve by registered mail, return receipt requested, a copy of the complaint together with summons duly issued, upon the Executive Director of CRITFC, the Secretary–Treasurer of the Tribal Council, and the Chief of CRITFC's Enforcement Department. Service of summons and complaint against any officer, employee or agent of CRITFC shall be made by any means authorized under WSTC 200.175–200.215 and the rules of the Warm Springs Tribal Court provided that the time for response thereto shall be as provided herein and service upon such parties shall not be affected by such required service upon the Executive Director of CRITFC, the Secretary–Treasurer of the Tribal Council, and the Chief of CRITFC's Enforcement Department.

NEWTON DECLARATION EXHIBIT 2
Page 9 of 9
W1093.11(a)\456690.doc