Erin K. Olson, OSB 934776
Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR  97232-1425
Telephone:  (503) 546-3150
eolson@erinolsonlaw.com

Brigid K. Turner, OSB 065846
Brigid Turner, Attorney At Law, LLC
1307 N.E. 11th Street
Bend, OR  97701
Telephone:  (541) 241-6416
Brigid.turner@icloud.com

Kelly A. Rudd, OSB 054961
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY  82520
Telephone:  (307) 332-3385
rudd@bcrattorneys.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **E.J.T.,** a minor, by and through his Conservator, InTRUSTment, Northwest, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>**JEFFERSON COUNTY,** a public body; **TYLER W. ANDERSON,** in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:20-cv-01990-JR<br><br>**PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS** |

**PAGE 1 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF
　　　　　TRIBAL OFFICIALS**

## L.R. 7-1 CERTIFICATE

Plaintiffs' undersigned counsel certifies she conferred with Jonathan Henderson, counsel for Defendant Arjang Aryanfard, and the parties were unable to resolve this dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56(d) and (e), Plaintiff moves to strike the "Declaration of Lucille Suppach-Samson In Support of the Supplemental Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Spring Reservation of Oregon" and the "Declaration of Michael Collins In Support of the Supplemental Memorandum by *Amicus Curiae* The Confederated Tribes of the Warm Spring Reservation of Oregon," both of which were re-filed by Defendant Aryanfard in support of his motion after Plaintiff moved to strike them from the Confederated Tribes' amicus filings.

The declarations were submitted on a disputed material fact, and Plaintiff had no notice of the content of the statements or the identities of the witnesses, and counsel for Defendant Aryanfard did not include either the content or the identities during conferral regarding the scope of discovery needed to address the questions posed by the Court during the March 4, 2022 hearing.  See ECF #81 - *Third Joint Status Report*, p. 1 ("Counsel for all

**PAGE 2 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

parties, including the Jefferson County defendants, have conferred regarding the scope of discovery needed to address the questions posed by the Court during the March 4th hearing, and agreed to the depositions of four persons: defendants Anderson and Aryanfard, and the mother and grandmother of E.J.T.").

During conferral with both the Tribes' counsel and defendant Aryanfard's counsel on Plaintiff's first motion to strike the same declarations when they were submitted by the Confederated Tribes, Plaintiff requested to depose the two declarants, and agreed to an extension of the response deadlines in order to do so. This proposal was not acceptable to either counsel for the Tribes or counsel for Defendant Aryanfard, which necessitated Plaintiff's filing of his first motion to strike.

Defendant Aryanfard points to an offer by the Tribes' counsel to submit a declaration "if this would help the parties and the Court." (ECF 83, p. 36) Plaintiff certainly never accepted this offer, and when presented with the declarations, did, in fact, ask to depose the declarants, which request was denied.

Defendant Aryanfard argues in his supplemental response that Plaintiff provided a declaration from Brittany Fowler, who was not among the persons deposed. That is true, but Brittany Fowler's statement was not

**PAGE 3 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

offered on a disputed material fact, but rather, to authenticate and date a photograph that was adopted by Defendant Aryanfard in his deposition testimony as depicting the condition of E.J.T.'s injury when Defendant Aryanfard saw him.  The evidence was directly relevant to what Defendant Aryanfard "knew," but was not disputed evidence, because Fowler's identity, photo, and statement about when and under what circumstances she took the photo is in discovery produced long ago to Defendant Aryanfard.

If Ms. Fowler had been identified as a witness with disputed material facts, her deposition could have been allowed as an exception to the discovery stay, and she could have been deposed because she is not immune from third-party discovery.  Plaintiff did not have the same option with respect to the tribal officials whose declarations were submitted without notice.

## **POINTS AND AUTHORITIES**

**The Federal Rules Require that Plaintiff Have an Opportunity to Test Evidence Presented on a Disputed Material Fact.**

The challenged declarations were filed in support of Defendant Aryanfard's motion to dismiss to claims against him pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)[1].  Fed. R. Civ. P. 12(d) states as follows:

---

[1]  Defendant Aryanfard also cited Fed. R. Civ. P. 12(b)(1) in support of his motion, but his argument based on that provision was that he is entitled to tribal sovereign immunity notwithstanding the Supreme Court's holding to the contrary in *Lewis v. Clarke*, 137 S. Ct. 1285, 1288 (2017).  Plaintiff does not address this argument further.

**PAGE 4 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

> "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and no excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Fed. R. Civ. P. 12(d).

> Rules 56(d) and (e) provide as follows:
>
> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.
>
> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

Fed. R. Civ. P. 56(d) and (e).

**PAGE 5 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

Plaintiff has submitted what evidence is available to him on the question of E.J.T.'s eligibility for tribal enrollment. That evidence indicates he is not eligible for automatic enrollment because his father did not live on the reservation at the time of his birth. (ECF # 92, p. 191 [Rogerson Depo., p. 57, lines 9-15]; p. 275 [Jorgensen Depo, p. 68, lines 1-11]; *see also* "Olson Decl. in Support of Motion to Strike," Exh. 2). Plaintiff cannot, however, subpoena the tribal officials who signed the disputed declarations to challenge their contrary evidence, or other evidence that is not available to him such as the Tribes' evidence that E.J.T. meets the blood quantum requirement. *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155 (10th Cir. 2014) (tribal sovereign immunity applies to third-party subpoenas in private civil litigation); *Alltel Communs., LLC v. DeJordy*, 675 F.3d 1100, 1105-06 (8th Cir. 2012); *see also United States v. James*, 980 F.2d 1314, (9th Cir. 1992) (affirming district court's order quashing subpoena *duces tecum* served on tribal agency for records in a criminal prosecution); *but see Grand Canyon Skywalk Dev. LLC v. Cieslak*, 2015 WL 4773585, 7 (D. Nev. Aug. 13, 2015) (denying motion to quash deposition subpoena served on tribal official; *United States v. Juvenile Male 1*, 431 F.Supp.2d 1012, 1016-18 (D. Ariz. 2006).

**PAGE 6 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM

## **CONCLUSION**

Defendant Aryanfard's attempt to get around the prohibition against amicus parties submitting evidence on a disputed material fact by filing the disputed declarations himself should be rejected unless the deponents are made available for depositions by Plaintiff.  Plaintiff is entitled by Fed. R. Civ. P. 12(d) to "a reasonable opportunity to present all the material that is pertinent to the motion" and Fed. R. Civ. P. 56(d) to "present facts essential to justify its opposition" to Defendant Aryanfard's motion to dismiss.

For these reasons, Plaintiff's motion to strike the declarations of the tribal officials filed by Defendant Aryanfard should be granted.

Dated:  October 24, 2022.

LAW OFFICE OF ERIN OLSON, P.C.

Erin K. Olson, OSB 934776
eolson@erinolsonlaw.com

Of Attorneys for Plaintiff

**PAGE 7 – PLAINTIFF'S SECOND MOTION TO STRIKE DECLARATIONS OF TRIBAL OFFICIALS**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM