IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

E.J.T.,

        Plaintiff,

v.

**JEFFERSON COUNTY et al.,**

        Defendants.

Case No. 3:20-cv-01990-JR

OPINION AND ORDER

**MOSMAN, J.,**

On November 10, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 63], recommending that Defendant Aryanfard's Motion to Dismiss [ECF 35] be denied. Defendant Aryanfard filed objections, [ECF 72], to which Plaintiff responded, [ECF 74]. Confederated Tribes of Warm Springs Reservation of Oregon appeared as amicus curiae. Amicus Br. [ECF 70]. I held oral argument on the F&R on March 4, 2022. Tr. [ECF 83]. After that oral argument, I took the F&R under advisement and ordered limited discovery and supplemental briefing on two questions. Min. Orders [ECF 79, 82]. The Parties and Amicus filed supplemental briefing and responses. *See* [ECF 86, 89, 91, 96, 97, 101]. Questions were also certified to the Supreme Court of Oregon, [ECF 56], which responded with a written opinion [ECF 85]. I again held oral argument on February 2, 2023. Mins. of Proceedings [ECF 110]. For the reasons stated on the record at that oral argument, I ADOPT IN PART and REJECT IN PART the F&R. I GRANT Defendant Aryanfard's Motion to Dismiss.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may

1 – OPINION AND ORDER

file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## CONCLUSION

Upon review, I ADOPT IN PART and REJECT IN PART the F&R [ECF 63] for the reasons stated on the record at oral argument on February 2, 2023. *See* Mins. of Proceedings [ECF 110]. I GRANT Defendant Arjang Aryanfard's Motion to Dismiss [ECF 35] and DISMISS all claims against him. Claim 1 against Defendant Arjang Aryanfard is DISMISSED WITH PREJUDICE. Claim 2 is DISMISSED WITH PREJUDICE as to the theory that Defendant Aryanfard was acting under SB 412 authority and there was waiver. Claim 2 is DISMISSED WITHOUT PREJUDICE as to the theory that there is no tribal court jurisdiction. Plaintiff's claim may be re-pled in tribal court.

IT IS SO ORDERED.

DATED this ___ day of February, 2023.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

2 – OPINION AND ORDER