Erin K. Olson, OSB 934776
Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR 97232-1425
Telephone: (503) 546-3150
eolson@erinolsonlaw.com

Brigid K. Turner, OSB 065846
Brigid Turner, Attorney At Law, LLC
1307 N.E. 11th Street
Bend, OR 97701
Telephone: (541) 241-6416
Brigid.turner@icloud.com

Kelly A. Rudd, OSB 054961
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY 82520
Telephone: (307) 332-3385
rudd@bcrattorneys.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **E.J.T.,** a minor, by and through his Conservator, InTRUSTment, Northwest, Inc.,<br><br>     Plaintiff,<br>v.<br><br>**JEFFERSON COUNTY,** a public body; **TYLER W. ANDERSON,** in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity,<br><br>     Defendants. | Case No.: 3:20-cv-01990-JR<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION, REVISION, AND CERTIFICATION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS** |

1 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY
  DISTRICT COURT PROCEEDINGS

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816 PORTLAND, OREGON 97232-1425
TEL (503) 546-3150 * EOLSON@ERINOLSONLAW.COM

## L.R. 7-1 CERTIFICATE

Plaintiff's undersigned counsel certifies she conferred with Dan Hasson, who advises as follows: (1) Defendant Arjang Aryanfard **does object** to revision of the court's Order and Opinion [ECF 113] dismissing Claim One to state that it is dismissed without prejudice, or that it is only dismissed with prejudice as to the statutory liability theory, but **does not** object to certification of the issue pursuant to Rule 54(b) if the dismissal remains with prejudice; (2) **does not** object to certification of the dismissal with prejudice of Claim Two on the Senate Bill 412 theory; (3) **does** object to certification of the dismissal without prejudice of Claim Two on failure-to-exhaust grounds; and (4) **takes no position** on plaintiff's request to stay the case pending the outcome of any appeal.

Plaintiff's undersigned counsel certifies further that she conferred with Robert Franz, who advised that the Jefferson County defendants **oppose** the relief requested in this motion.

## RELIEF REQUESTED

Plaintiff, by and through undersigned counsel, respectfully moves the court for the following relief:

1. Reconsideration[1] and revision of the court's dismissal <u>with prejudice</u> of Claim One ("Negligence") to allow amendment, as requested by plaintiff, to permit

---

[1] Motions for reconsideration are permitted as to judgments containing neither an express determination that there is no just reason for delay in entering the judgment as final nor an express direction for entry of a final judgment. *United States Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970) (so stating).

him to plead theories of negligence other than the statutory liability theory foreclosed by the Oregon Supreme Court. If reconsideration is not allowed, plaintiff requests the court to certify the Opinion and Order [ECF 113] dismissing the claim with prejudice for immediate appeal pursuant to Fed. R. Civ. P. 54(b);

2. Certification pursuant to Fed. R. Civ. P. 54(b) of the "Partial Judgment" [ECF 112] and its underlying "Opinion and Order" [ECF 111] dismissing all claims against defendant Aryanfard in order to permit an immediate appeal; and

3. Stay of the remaining proceedings in this court pending the outcome of the appeal or exhaustion, depending on the rulings requested in (1) and (2) above.

These requests are made pursuant to Rule 54(b), which reads as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

**3 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

This motion is supported by the "Declaration of Erin K. Olson in Support of Plaintiff's Motion Pursuant to Rule 54(b)" (hereinafter "Olson Decl.") and its attached exhibits.

## ARGUMENT

1. **The Oregon Supreme Court's Opinion Did Not Dispose of the Entirety of Claim One ("Negligence"), Only of the Statutory Negligence Theory.**

The court's "Opinion and Order" dismissing plaintiff's negligence claim states the dismissal is <u>with prejudice</u>, citing to the Oregon Supreme Court's opinion holding that the Oregon Legislature did not intend statutory liability for violation of Oregon's mandatory reporting laws. However, the Oregon Supreme Court's decision did not dispose of *all* claims for negligence available to plaintiff, only of a claim for statutory liability based on a violation of the mandatory reporting statutes.

As noted in Judge Russo's Findings and Recommendation [ECF 30], Oregon's appellate courts have allowed negligence claims *other than those asserting statutory liability* to proceed based on violations of the mandatory reporting laws on theories of common law negligence. *Id.,* pp. 12-13 (citing *Blachly v. Portland Police Dep't*, 135 Or. App. 109, 116-17, 898 P.2d 784, 789 (1995) and *Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or. App. 352, 111 P.3d 762 (2005)). The Oregon Supreme Court expressly excluded such claims from its ruling:

> "Nothing in this opinion should be read as foreclosing the possibility of a common-law claim under the circumstances that plaintiff has alleged."

**4 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

*E.J.T. v. Jefferson County,* 370 Or 215, 239, 518 P.3d 568 (2022). Indeed, in Footnote 12, the court cited cases – including *Blachly* – affirming the availability of common law negligence claims:

> "Although this court has never directly addressed whether a common-law negligence claim would provide recovery for a breach of the duties at issue in this case, the 1971 Legislative Assembly, or at least the 2007 Legislative Assembly, might have assumed that a common-law negligence claim would be available under those circumstances. *See, e.g., Mezyk v. National Repossessions*, 241 Or 333, 337, 405 P2d 840 (1965) (recognizing a negligence claim for harm caused by third-party when the defendant negligently created a likelihood of that harm); *Blachly v. Portland Police Dept.*, 135 Or App 109, 117, 898 P2d 784 (1995) (holding that the plaintiffs stated a common-law negligence claim against DHS's predecessor based on allegations that the agency failed to investigate a report that children—including the plaintiffs—were being abused at a day care facility)."

*Id.* at 235, n. 12. The court also cited with favor *Bellikka v. Green*, 306 Or. 630, 650, 762 P.2d 997 (1988), for the proposition that "claims based on statutory liability 'exist independent of any parallel common-law claim and can be pleaded independently, with or without an accompanying common-law claim.'" *Id.* at 239. *See also Shahtout v. Emco Garbage Co.*, 298 Or. 598, 601, 695 P.2d 897 (1985) ("Of course, a plaintiff may assert both statutory and common-law theories of liability on the same facts.").

The First Claim for Relief in plaintiff's complaint is captioned "Negligence." [ECF 1, p. 11] Claim One alleges negligence arising from defendants' violations of several provisions of the mandatory reporting and cross-reporting laws, including

**5 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM

ORS 419B.020(1),[2] and it can fairly be read to allege statutory negligence, negligence *per se*, and common law negligence in which the mandatory cross-reporting laws set the standard of care.  Indeed, in her Findings and Recommendation on defendant Aryanfard's motion to dismiss, Judge Russo described Claim One as pleading "(1) negligence *per se* under Oregon child abuse mandatory reporting laws [and] (2) negligence under Oregon common law".  [ECF 63, pp. 8-9, 17]   Both claims are, or can be, fairly pled in Claim One.  *See Deckard v. Bunch*, 358 Or 754, 760-62 & n. 6, 370 P.3d 478 (2016)  (comparing statutory liability with negligence and negligence *per se* claims); UCJI 20.02 – 20.25 (Oregon's Uniform Civil Jury Instructions on negligence and negligence *per se*).

In dismissing Claim One with prejudice, the court has foreclosed plaintiff from proceeding on *any* negligence claim against the defendants, which is inconsistent with Oregon law and Fed. R. Civ. P. 15(a)(2) (leave of the court to amend should be freely given when justice so requires).  Plaintiff specifically requested leave to amend his claims in his responses to both the Jefferson County defendants' motion to dismiss [ECF 22, p. 47] and defendant Aryanfard's motion to dismiss [ECF 49, pp. 58-59].  To the extent that amendments are needed to limit and clarify Claim One, plaintiff should be permitted to do so, because none of the

---

[2]  ORS 419B.020(1), then codified as ORS 418.760(1), was the statute at issue in *Blachly v. Portland Police Dep't.*, 135 Or App at 116-117.  The Oregon Court of Appeals found the statute to have created a special relationship between the mandated investigators and the children subsequently abused as a result of their failure to investigate and concluded that, "The complaint states a claim by alleging that CSD's breach of its duty to investigate caused plaintiffs' children to be abused." *Id.* at 117.

**6 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

relevant factors – undue delay, bad faith, futility of amendment, or prejudice to the opposing party – weighs against amendment. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-799 (9th Cir. 1991) (describing factors). There has been no undue delay because this matter was stayed from July 16, 2021 [ECF 46] until recently. There is no bad faith because as noted above, plaintiff requested leave to amend in responding to the motions to dismiss. Amendment would not be futile because Oregon appellate cases have affirmed plaintiff's alternate theories of negligence, and the Oregon Supreme Court has cited some of those cases with favor in its opinion rejecting plaintiff's statutory liability theory. *E.J.T. v. Jefferson Cnty.*, 370 Or at 235 n. 12 & 239 (citing cases). There is no prejudice to the opposing parties because the Jefferson County defendants have not yet filed an answer.

In this circuit, leave to amend is to be given even if no request to amend was made unless no amendment could cure the deficiency. *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (citing *Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995) (district court abused its discretion in dismissing tort claims with prejudice without leave to amend)). Here, plaintiff *has* requested leave to amend, and plaintiff *can* replead to correct deficiencies. For these reasons, plaintiff asks the court to revise its "Opinion and Order" [ECF 113] pursuant to Rule 54(b) to state that the dismissal of Claim One is without prejudice, with leave to replead. If the court declines to do so, plaintiff asks the court to certify the dismissal of Claim One for immediate appeal under Rule 54(b), along with the certification requested in Argument 2, below.

**2. The Court Should Certify the Dismissal of Claims Against Defendant Aryanfard for Immediate Appeal Pursuant to Rule 54(b).**

The court's recent "Opinion and Order" [ECF 111] and "Partial Judgment" [ECF 112] disposed of all claims pending against defendant Aryanfard in this court. Even had the court's dismissal of Claim One based on the Oregon Supreme Court's ruling [ECF 113] been without prejudice, plaintiff understands that the court would have required tribal court exhaustion of that claim as to defendant Aryanfard. Plaintiff requests the court certify for immediate appeal its rulings dismissing the claims against defendant Aryanfard on exhaustion and immunity grounds pursuant to Fed. R. Civ. P. 54(b) on the grounds that there is no just reason for delay.

To certify an order or judgment under Rule 54(b), the court "must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotations omitted)). Where the case involves multiple parties rather than multiple claims, "'party' has the same effect as 'claim.'" *Birkes v. Tillamook Cty.*, No. 3:09-cv-1084-AC, 2012 U.S. Dist. LEXIS 81765, 2012 WL 2178964, at *1 (D. Or. June 13, 2012) (citing Fed. R. Civ. P. 54(b) cmt. (1961)). The court's orders [ECF 111, 113] and "Partial Judgment" [ECF 112] dispose of all claims against defendant Aryanfard.

Next, the court must find there is no just reason for delay, a decision "left to the sound judicial discretion of the district court" to be "exercised 'in the interest of sound judicial administration." *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright* at

8 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

8).  The Ninth Circuit has focused on two considerations a district court should evaluate when deciding whether there is "just reason" for delaying entry of an appealable judgment, the first of which focuses on "juridical concerns" involving avoidance of piecemeal appeals, primarily whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015).  Here, the claims involve issues of exhaustion and tribal sovereign immunity that are inapplicable to the Jefferson County defendants, and the issues would not return to the Ninth Circuit once decided.  If the dismissal of Claim One is, indeed, with prejudice as to plaintiff's assertion of a negligence claim on any theory not disposed of by the Oregon Supreme Court (negligence *per se*, special relationship, or general foreseeability principles), allowing appeal of the issue now would also ensure Claim One does not return to the Ninth Circuit on its dismissal with prejudice.

The second consideration for whether there is "just reason" for delay is an equitable analysis that "focus[es] on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). Requiring plaintiff to litigate the claims against the Jefferson County defendants in this court while the claims against defendant Aryanfard are being disposed of in tribal court would be prejudicial to plaintiff, and would result in extensive delays.

9 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM

A.  **Prejudice.**

Plaintiff would be prejudiced if required to proceed to trial in two courts, in part because defendant Aryanfard has asserted comparative fault in his answer, and the Jefferson County defendants will undoubtedly blame Aryanfard in some form in their case. The possibility of separate trials in which the defendants point the finger at empty chairs prejudices plaintiff.

Plaintiff will also be prejudiced if required to exhaust his remedies in tribal court because, in all likelihood, his claims will be barred by the statute of limitations when he inevitably returns to this court to pursue them. *See* ORS 12.110(1) (two-year statute of limitations for negligence and §1983 claims); ORS 12.160 (5-year tolling during minority); ORS 124.130 (seven-year statute of limitations).[3] This is because the current circumstances of the Warm Springs Tribal Court do not support the prompt disposition of a tort case: the Warm Springs Tribal Court currently has <u>one</u> full-time judge -- the Interim Chief Judge, who also serves as Acting Trial Court Administrator, and the two Associate Judge positions are vacant. Additionally, according to the court clerk, there is only one currently-serving pro tem judge. (Olson Dec. ¶¶ 3, 5) Moreover, plaintiff's counsel has been unable to obtain information concerning admission to the Tribal Court Bar via application <u>or</u> *pro hac vice* admission. Both inquiries were directed as required to the Interim Chief Judge/Acting Trial Court Administrator, who has not

---

[3] The assaults that are the subjects of plaintiff's claims occurred in October and November of 2017. The applicable statutes of limitations, with tolling, will expire in October and November, 2024.

**10 –  PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

responded after more than two weeks. (*Id.* ¶¶ 3-5) By the time plaintiff's claims are exhausted in the Warm Springs Tribal Court, he may well have no remedies left in this court. *See Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998) (per curiam) (treating dismissal without prejudice as a final order where statute of limitations could not be defeated by amendment); *see also Sharber v. Spirit Mt. Gaming, Inc.*, 343 F.3d 974, 976 (9th Cir. 2003) (district court erred in dismissing instead of staying the action for lack of jurisdiction pending the exhaustion of tribal remedies).

Plaintiff would also be prejudiced by the cost of multiple court proceedings and appeals if required to exhaust. Fed. R. Civ. P. 1 (rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Finally, "prejudice to all parties is created by the possibility of inconsistent verdicts." *McAdory v. M.N.S. & Associates*, 3:17-cv-00777-HZ, 2018 U.S. Dist. LEXIS 163010 at *12, 2018 WL 4566250 (D. Or. 2018).

**B.     Delay.**

On the question of delay, granting plaintiff's motion "will expedite the inevitable" appeal of the court's exhaustion and immunity rulings. *McAdory v. M.N.S. & Associates*, 3:17-cv-00777-HZ, 2018 U.S. Dist. LEXIS 163010 at *12, 2018 WL 4566250 (D. Or. 2018). The comprehensive litigation of these issues demonstrates their importance to the parties and to *amicus* Confederated Tribes of the Warm Springs Reservation. Appeal of the court's rulings are inevitable. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (where

11 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM

jurisdictional question on appeal was unrelated to the other issues in the case, district court did not abuse its discretion in granting plaintiff's motion for entry of final judgment under Rule 54(b) because "dealing with the jurisdictional issue now may obviate the need for a second trial," thus aiding in the expeditious decision of the case).

### C. The Equities Involved.

The analysis of whether there is "any just reason for delay" also requires consideration of "the equities involved." *Curtiss-Wright*, 446 U.S. at 8. The court's dismissal of plaintiff's claims against defendant Aryanfard and requirement that plaintiff pursue his claims in tribal court before being allowed back into federal court creates a conundrum for plaintiff. Filing a complaint in tribal court implies consent to tribal court jurisdiction. *See Smith v. Salish Kootenai College*, 434 F.3d 1127, 1136 (9th Cir. 2006) (plaintiff consented to tribal court civil jurisdiction by filing his claims there); *cf. Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 342 (2008) (plaintiff's request to the tribal court for aid in serving process on defendant for a pending state court action did not constitute consent to future litigation in the tribal court). Plaintiff does not consent to have his claims against defendant Aryanfard heard in the tribal court, and even if he were to consent, he does not believe he is among those who may lawfully bring an action in Warm Springs Tribal Court under applicable provisions of the Warm Springs Tribal Code. WSTC 200.025(3) ("The following persons may bring an action in Tribal Court: (a) Indians. (b) The Confederated Tribes. (c) Non-Indians, corporations, and

12 – **PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM

other legal entities in cases for personal injury or property damage arising upon the Reservation in which an Indian is a defendant or when authorized by a specific Tribal Council enactment.").

By actually bringing an action in tribal court, plaintiff would face a dilemma beyond impliedly consenting to the court's jurisdiction, because he would be required to submit the sworn and notarized "Civil Complaint" pasted below:

### I.

Plaintiff is (check one):

_____An Indian
_____The Confederated Tribes of Warm Springs Reservation or a subdivision thereof
_____A non-Indian, corporation or other legal entity, and plaintiff's claim is either (check one):
    _____For personal injury or property damage arising upon the Warm Springs Reservation an Indian is a defendant, or;
    _____A claim authorized by a specific Tribal Council enactment

### II.

Defendant(s) (check one):

_____Is/Are Indian(s), or;
_____Has/Have agreed in writing that this court has personal jurisdiction over her/her/them. A copy of said Agreement is attached to this complaint.

### III.

The subject matter of plaintiff's claim (check one):

_____Arose upon (check one):
    _____The Warm Springs Reservation
    _____Land owned by the Confederated Tribes of the Warm Springs Reservation
    _____Land held by the United States in trust for the Confederated Tribes
    _____Involves an Indian defendant found upon the Warm Springs Reservation

### IV.

Plaintiff's claim arose not more than two years prior to the filing of this complaint.

--

Plaintiff cannot assert under oath that:

(1) He is an "Indian" within the definition of the Warm Springs Tribal Code, because he has never lived or spent any significant amount of time on the Reservation, regardless of whether he "is recognized by the community as an Indian,[4] which he disputes;

(2) His claim "ar[ose] upon the Reservation, which is disputed; or

(3) That a specific Tribal Council enactment authorizes his individual capacity claim against defendant Aryanfard, which is disputed.

(Olson Decl., ¶ 3 & Exh. 1)

The Warm Springs Tribal Court's "Civil Complaint" form also illustrates the futility of filing a complaint in that court, because both the form and the Warm Springs Tribal Code require tort claims to be filed within two years after the claim arises. *Id.*; WSTC 200.100; *see also* Olson Decl., ¶ 6 & Exh. 2 ("Judgment of Dismissal" strictly construing WSTC 200.100).

Under these circumstances, the "equities involved" weigh heavily in favor of entry of a judgment under Rule 54(b).

---

[4] "'Indian' means, unless otherwise specified, a member of the Confederated Tribes of the Warm Springs Reservation of Oregon, or any other person of Indian blood who is a member of a federally recognized Indian Tribe or any other person *on the Reservation* who is recognized by the community as an Indian, including a Canadian Indian or an Alaska native." WSTC 200.010(1) (emphasis added).

14 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

**3. The Court Should Stay the District Court Proceedings Until Adjudication of the Appeal, or if Rule 54(b) Certification is Denied, Until Plaintiff Has Exhausted His Tribal Court Remedies.**

Regardless of whether the court enters an appealable judgment pursuant to Rule 54(b), a stay of the district court proceedings "will conserve judicial resources as it nullifies the possibility of two trials in one case," and "no party will suffer hardship as a result of a stay." *McCormick v. Cable Communs*, 3:14-cv-01128-MO, 2015 U.S. Dist. LEXIS 197406 at *8, (D. Or. 2015). Additionally, if Rule 54(b) certification is granted, a stay will allow the parties to focus fully on the appellate issues. *Id.* The court unquestionably has the discretion for such a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

## CONCLUSION

For these reasons, the court should: (1) reconsider its rulings and revise its dismissal of Claim One to permit plaintiff to proceed with theories of negligence other than statutory negligence; (2) certify the dismissal of the claims as to defendant Aryanfard for immediate appeal pursuant to Rule 54(b); and (3) stay this case pending the outcome of the appeal, or pending the outcome of tribal court exhaustion if appeal is not allowed.

Dated: February 21, 2023.

LAW OFFICE OF ERIN OLSON, P.C.

Erin K. Olson, OSB 934776
eolson@erinolsonlaw.com

15 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816 PORTLAND, OREGON 97232-1425
TEL (503) 546-3150 * EOLSON@ERINOLSONLAW.COM

BALDWIN, CROCKER & RUDD, P.C.

_____
Kelly A. Rudd, OSB 054961
rudd@bcrattorneys.com

BRIGID TURNER, ATTORNEY AT LAW, LLC

_____
Brigid K. Turner, OSB 065846
Brigid.Turner@icloud.com

Attorneys for Plaintiff

16 – PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) [ECF 111-113] AND TO STAY DISTRICT COURT PROCEEDINGS

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  *  EOLSON@ERINOLSONLAW.COM