Erin K. Olson, OSB 934776
Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR 97232-1425
Telephone: (503) 546-3150
eolson@erinolsonlaw.com

Brigid K. Turner, OSB 065846
Brigid Turner, Attorney At Law, LLC
1307 N.E. 11th Street
Bend, OR 97701
Telephone: (541) 241-6416
Brigid.turner@icloud.com

Kelly A. Rudd, OSB 054961
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY 82520
Telephone: (307) 332-3385
rudd@bcrattorneys.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **E.J.T.,** a minor, by and through his Conservator, InTRUSTment, Northwest, Inc.,<br><br>         Plaintiff,<br>v.<br><br>**JEFFERSON COUNTY,** a public body; **TYLER W. ANDERSON,** in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity,<br>         Defendants. | Case No.: 3:20-cv-01990-JR<br><br>**DECLARATION OF ERIN K. OLSON IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 54(b)** |

I, Erin K. Olson, make this declaration subject to penalty of perjury:

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 54(b)**

1.      I am one of the attorneys for the plaintiff in this civil matter, and I make this declaration from personal knowledge.

2.      On the afternoon of February 3, 2023, the court entered the "Minutes of Proceedings" [ECF 110] from rulings made on pending motions to dismiss and motions to strike, and those rulings were memorialized in an "Opinion and Order" [ECF 111], "Partial Judgment" [ECF 112], and "Opinion and Order" [ECF 113] entered February 6, 2023.  The rulings disposed of all claims pending against Defendant Arjang Aryanfard in this court, and required plaintiff to exhaust his claims against Defendant Aryanfard in Warm Springs Tribal Court.

3.      The morning of February 6, 2023, I called the Warm Springs Tribal Court to obtain information about admission to the Warm Springs Tribal Court Bar and the procedures for filing a civil complaint in Tribal Court.  I spoke with Venus Garate, who informed me that the Judge handled tribal court bar admissions.  Ms. Garate took my name, phone number, and email address and advised that the Judge would get back to me with information about the process.  Ms. Garate identified the Judge as Interim Chief Judge Gayleen Adams, who was also serving as Acting Trial Court Administrator.  Ms. Garate agreed to email me the document required to initiate a civil case in Warm Springs Tribal Court, and did so a short time later.  The document, titled "Civil Complaint," is attached hereto as <u>Exhibit 1</u>.

4.      When I had not heard from Judge Adams by Friday of that week, I emailed Ms. Garate to ensure my request had been received by Judge Adams.  I also requested an application to appear *pro hac vice* in Tribal Court in the same email.

**PAGE 2 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 54(b)**

Ms. Garate responded promptly and advised that my message had been sent to Judge Adams, but due to short staffing, it might take her awhile to respond, and that she would send another message to her. Ms. Garate advised she did not have an application for *pro hac vice* admission.

5. On Monday, February 13, 2023, I emailed Ms. Garate to inquire about the availability of past decisions of the Tribal Court, and also to inquire about the other judges on the Tribal Court. Ms. Garate promptly responded with an internet link to the Warm Springs Tribal Code on the Tribes' website, advising that that was the only thing available to the public, and anything else would have to be obtained from the Judge. She advised that the only other currently-acting judge was a pro tem judge, Judge [Anita] Jackson.

6. I searched LEXIS and PACER for examples of decisions of the Warm Springs Tribal Court (the latter as attachments or exhibits), and found no reported decisions of the Warm Springs Tribal Court or its Court of Appeals in LEXIS, but found the "Judgment of Dismissal" attached hereto as <u>Exhibit 2</u> in PACER in a case in which the Confederated Tribes were a party. *Wallulatum v. The Confederated Tribes of the Warm Springs Reservation of Oregon et al.*, 6:08-cv-00747-AA (D. Or. 3/20/2012, ECF 78-3).

**PAGE 3 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 54(b)**

I declare under penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct.

Dated: February 21, 2023.

> LAW OFFICE OF ERIN OLSON, P.C.
>
> */s/ Erin K. Olson*
>
> Erin K. Olson, OSB 934776
> eolson@erinolsonlaw.com
>
> Of Attorneys for Plaintiff

**PAGE 4 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF
PLAINTIFF'S MOTION PURSUANT TO RULE 54(b)**

**EXHIBIT 1**
**Page 1 of 2**

IN THE TRIBAL COURT FOR THE CONFEDERATED TRIBES
OF THE WARM SPRINGS RESERVATION OF OREGON

```
_____  )
              Plaintiff          )
                                 )        CIVIL COMPLAINT
        vs                       )
                                 )        Case No. _____
_____  )
              Defendant(s)       )
```

**I.**

Plaintiff is (check one):

_____ An Indian
_____ The Confederated Tribes of Warm Springs Reservation or a subdivision thereof
_____ A non-Indian, corporation or other legal entity, and plaintiff's claim is either (check one):
    _____ For personal injury or property damage arising upon the Warm Springs Reservation an Indian is a defendant, or;
    _____ A claim authorized by a specific Tribal Council enactment

**II.**

Defendant(s) (check one):

_____ Is/Are Indian(s), or;
_____ Has/Have agreed in writing that this court has personal jurisdiction over her/her/them. A copy of said Agreement is attached to this complaint.

**III.**

The subject matter of plaintiff's claim (check one):

_____ Arose upon (check one):
    _____ The Warm Springs Reservation
    _____ Land owned by the Confederated Tribes of the Warm Springs Reservation
    _____ Land held by the United States in trust for the Confederated Tribes
    _____ Involves an Indian defendant found upon the Warm Springs Reservation

**IV.**

Plaintiff's claim arose not more than two years prior to the filing of this complaint.

**V.**

Plaintiff is entitled to judgment against the defendant(s) for the following reasons (check one):

_____ For the money damages in the some of $_____, because:_____
_____
_____

**EXHIBIT 1**
**Page 2 of 2**

_____ For breaching defendant's agreement with plaintiff because: _____
_____
_____
_____
_____

_____ For non-monetary relief because: _____
_____
_____
_____

Defendant(s) has/have satisfied no part of the above-alleged claim, which is now due and owing to plaintiff.

WHEREFORE, Plaintiff asks for judgment against the defendant(s) for: _____
_____
_____
_____
_____

Together with plaintiff's cost for filing fees, expenses of witnesses and such other incidental expenses as the Court may direct.

Petitioner's Address: _____

Defendant's Address: _____

Date filed: _____   Plaintiff: _____

SUBSCRIBED AND SWORN before me this _____ day of _____, 20

Notary Public for the State of Oregon
My Commission Expires: _____

CC:   Plaintiff
      Defendant

IN THE TRIBAL COURT FOR THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON

| | |
|---|---|
| OWEN JAMES WALLULATUM, | Case No.: CV 17-09 |
| Plaintiff, | JUDGMENT OF DISMISSAL |
| vs. | |
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION, of Oregon Public Safety Branch, Tribal Police Department Chief of Police, CARMEN SMITH, Tribal Police Officer(s); MATT SHERWOOD, Tribal Police Officer, TRAVIS PATTERSON, Jefferson County Deputy JASON PATTERSON, | |
| Defendants. | |

COMES NOW, the court after appearance of plaintiff, pro se, and defendants The Confederated Tribes of Warm Springs Reservation, Carmen Smith, Matt Sherwood and Travis Patterson, appearing by and through their spokesperson Robert Franz.

Defendant asserts that Matt Sherwood, Travis Patterson and Jason Patterson have not been personally served with the complaint or summons and were no longer employed or agents of the Tribes at the time the matter was filed. A review of the court file indicates that in fact these people were not served in accordance with the Tribal Code. Plaintiff indicates that he is suing the individuals in their professional capacity. Under WSTC 205.003, the Tribes are not vicariously liable for actions or omissions of the tribal officers or tribal agents if the party is not personally responsible. For judicial efficiency, the matter should not proceed on its merits without named defendants Matt


DEFENDANT'S EXHIBIT 114
08-747-AA

JUDGMENT OF DISMISSAL - 1

Defendant's Trial Exhibit 114  Page 1

1  Sherwood, Travis Patterson and Jason Patterson being personally served and given an
2  opportunity to appear.
3      Defendants raise the issue of statute of limitations. The event giving rise to this
4  action occurred on June 22, 2006. The complaint was notarized on June 23, 2008. A
5  receipt in the court file indicated that the defendant paid a $25 filing fee on June 24,
6  2008. The court file further indicates that the complaint and paperwork were not
7  processed by the court until September 8, 2008 (stamped date as received). Pursuant
8  to WSTC 200.100 provides for a two-year civil statute of limitation. Under WSTC
9  200.105, an action shall be deemed to have been commenced upon the filing of the
10 complaint, which, in this case, is stamped September 8, 2008 as having been received
11 by the Tribal Court. Plaintiff was given an opportunity to provide evidence to the
12 contrary. Plaintiff indicates that he filed the paperwork and there was an issue as to
13 whether a $25 or $200 filing fee applied, so he paid the $25 filing fee. Plaintiff indicates
14 that he was later informed that the $200 filing fee was appropriate so he paid the
15 remainder on December 2, 2008. The court asserts that even if the complaint was
16 sufficiently filed on June 24, 2008 when the $25 payment was made (which the court
17 makes a factual finding that it was not), this date extended beyond the statute of
18 limitations. The court notes that the defendant filed a federal complaint on June 20,
19 2008, but the federal complaint was not transferred to this court, pursuant to tribal code,
20 so that filing date does not apply.
21     Based upon the complaint being filed beyond the statute of limitations the above-
22 entitled case is hereby DISMISSED.
23     DATED this 2nd day of March, 2010.

*[signature]*
Christie Timko
Pro Tempore Judge, Warm Springs Tribal Court

JUDGMENT OF DISMISSAL - 2

Defendant's Trial Exhibit 114   Page 2