**Daniel S. Hasson, OSB No. 052773**
E-mail: dhasson@davisrothwell.com
**William G. Earle, OSB No. 831859**
E-mail: wearle@davisrothwell.com
**Jonathan Henderson, OSB No. 063554**
E-mail: jhenderson@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax: (503) 222-4428
*Attorneys for Arjang Aryanfard*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **E.J.T.**, a minor, by and through his Conservator, InTRUSTment Northwest, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>**JEFFERSON COUNTY,** a public body; **TYLER W. ANDERSON**, in his individual capacity;<br><br>Defendants. | Case No. 3:20-cv-01990-MO<br><br>**ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY** |

Arjang Aryanfard ("Officer Aryanfard") submits the following Response to Plaintiff's Motion for Leave to File First Amended Complaint and for Joinder of Party:

### I.    INTRODUCTION

946 days have passed since Plaintiff commenced the present lawsuit. 138 days have passed since this Court entered a judgment dismissing Plaintiff's claims against (former

Page 1 **ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422 F (503) 222-4428

Defendant) Arjang Aryanfard with prejudice. And over a month has passed since Plaintiff commenced a separate lawsuit against Officer Aryanfard in the Warm Springs Tribal Court.

And yet, Plaintiff is only now asking this Court for leave to amend its Complaint to assert claims that would ostensibly bring back Officer Aryanfard back into this case despite all the time and effort that has been spent, and despite the fact that this Court having already ruled -- multiple times – that Plaintiff's claims against Officer Aryanfard do not belong in federal court.

Setting aside the fact that Plaintiff's Motion could have been filed at any point during the years that this case was pending prior to the judgment dismissing Officer Aryanfard, the Court should deny Plaintiff's motion for the simple reason that the proposed amendments are clearly futile. Not only are the proposed amendments a transparent attempt to collaterally attack this Court's prior rulings, they seek to bring new claims that are barred by the law of the case doctrine, *res judicata*, or most likely, a combination of both.

Plaintiff has had a full and fair opportunity to litigate the proposed new claims against Officer Aryanfard. And critically, she had that opportunity well before the judgment dismissing Officer Aryanfard from this case was ever entered. Plaintiff's proposed negligence claim is barred by doctrine of law of the case, as this Court has already ruled.[1] And, the proposed 42 U.S.C. § 1983 claim is likewise barred because Plaintiff cannot establish that Defendant was acting under color of state law.

This Court has already considered the issue of Officer Aryanfard's capacity. The capacity issue was central to the resolution of the jurisdictional dispute, which in turn was the (partial) basis for Officer Aryanfard's dismissal from the case. After multiple days of depositions and *years* of briefing and argument, this Court concluded that Officer Aryanfard was at all times

---

[1] *See* ECF 123.

Page 2   ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

acting in his capacity as a *tribal* police officer – a finding that remains dispositive in this case and dooms any 42 U.S.C. § 1983 claim as a matter of law.

And finally, Plaintiff's Motion should be denied for the separate, but independently sufficient reason that Plaintiff's proposed claims are barred by the doctrine of *res judicata*. Plaintiff's lawsuit against Officer Aryanfard was dismissed with prejudice over four months ago. Plaintiff should not now be permitted to attempt to engage in piecemeal litigation by amending the Complaint to assert new claims where the prior claims against Officer Aryanfard have already gone to final judgment.

## II.    STANDARD FOR AMENDMENT

Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). The factors governing amendment are not weighted equally: "[F]utility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amendment is considered futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As is discussed in greater detail below, Plaintiff's Motion is both untimely, and the proposed amendments are futile.

## III.    PLAINTIFF'S MOTION IS UNTIMELY

Plaintiff has unduly delayed in filing its Motion seeking leave to amend the Complaint to add another set of claims against Officer Aryanfard. This case is now over 2.5 years old – an

///

///

///

Page 3  ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

amount of time that even Plaintiff describes as "substantial."[2] The parties spent the majority of that time briefing and litigating the issue of Officer Aryanfard's capacity. That process finally culminated in an order and judgment dismissing him from the action with prejudice.

Officer Aryanfard remained dismissed for another four months thereafter before Plaintiff filed its present motion seeking leave to amend. And when that motion for leave was filed, the claims that Plaintiff sought to add were claims that clearly could have been brought back when Plaintiff filed the original Complaint back in November 2020.[3] And, Plaintiff has not even offered any persuasive explanation as to why it waited so long to seek leave to amend to add these claims, let alone why they waited until months after a final judgment dismissing Officer Aryanfard had been entered before seeking leave to amend.

A court may deny leave to amend based on undue delay, and a movant must show good cause for an untimely request. *See, e.g., Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000) (same). Plaintiff cannot show good cause for its untimely request for leave to amend, and its motion should be denied accordingly.

///

///

///

---

[2] Plaintiff's Motion for Leave to File First Amended Complaint and for Joinder of Party, ECF 130 at p. 8.
[3] Plaintiff has been aware of the potential for 42 U.S.C. § 1983 claims under the facts of this case. Indeed, Plaintiff brought two 42 U.S.C. § 1983 claims against Defendant Tyler Anderson in the original Complaint, and in that same pleading, it specifically alleged the State of Oregon DPSST certification that it relies on as the basis for the contention that Officer Aryanfard exercised SB 412 authority. *See* ECF 1 at ¶¶ 25 and 45-56.

Page 4   ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

## IV. THE PROPOSED AMENDMENTS ARE FUTILE

Futility alone justifies denial of a motion to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Plaintiff's proposed claims are futile because they are barred by *res judicata*, or by the doctrine of law of the case, as this Court has already ruled.

### A. The proposed negligence claims are barred by law of the case and *res judicata*

In the original Complaint, Plaintiff asserted a statutory claim against Officer Aryanfard and the Jefferson County co-defendants, the gravamen of which was that each was liable for failing to report suspected abuse of E.J.T., pursuant to ORS 419B.010 *et seq*. When the viability of that statutory claim was challenged by the Jefferson County co-defendants, Plaintiff requested certification from this Court to the Oregon Supreme Court to determine whether those statutes provided a basis for imposition of civil liability. In its certification request, Plaintiff represented that the Supreme Court's answer would resolve its negligence claim.[4] This Court then granted the certification request and the Oregon Supreme Court weighed in, finding that the statutes did not support a viable claim. This Court then dismissed the claim in response to Officer Aryanfard's motion.

After that ruling, Plaintiff sought reconsideration from this Court, and specifically requested to be permitted to plead "theories of negligence other than the statutory liability theory foreclosed."[5] This Court denied reconsideration, and in doing so, it specifically addressed Plaintiff's argument: "Plaintiff argued that the certified question would determine if Claim 1 could proceed against all defendants, and that argument was part of the decision to grant the motion to certify."[6] The Court concluded that the law of the case doctrine precluded Plaintiff

---

[4] ECF 23 at p. 3.
[5] ECF 114 at pp. 2-3.
[6] ECF 123.

Page 5   **ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

from changing positions on the negligence claim after it had already sought and received certification, but simply received an answer it did not like from the Oregon Supreme Court.

Now, apparently dissatisfied with the denial of that motion for reconsideration, Plaintiff asks once again for this Court to permit it to allege a negligence claim[7] against Officer Aryanfard. But, and stated as simply as possible, nothing has changed since this Court rejected Plaintiff's last attempt to bring a new negligence claim against Officer Aryanfard. The claim remains barred by the law of the case doctrine, as this Court concluded in its order from two months ago. And, because Defendant Aryanfard has now been dismissed from the lawsuit altogether with prejudice, the proposed negligence claim is also barred by the doctrine of *res judicata*.

### B. Plaintiff's 42 U.S.C. § 1983 claim is barred by *res judicata* and issue preclusion

Plaintiff seeks leave to amend the Complaint to add a claim against Officer Aryanfard based on 42 U.S.C. § 1983. Plaintiff could have pled this claim originally, or sought leave to add this claim at any point during the more than two years this case was at issue prior to Officer Aryanfard's dismissal. Indeed, it is only now, after the Court has already dismissed all of the claims against him with prejudice, that Plaintiff seeks leave to bring Officer Aryanfard back into this case, it what amounts to nothing more than piecemeal, claim-splitting litigation. The Court should deny Plaintiff's request.

"The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005). *See also GP Vincent II v. Estate of*

---

[7] While Plaintiff argues that it seeks to add a claim for negligence *per se*, that is not a separate claim for relief; rather, negligence *per se* is but a count within a negligence claim in which the standard of care is expressed by a statute or rule. *Abraham v. T. Henry Construction, Inc.*, 350 Or. 29, 35 n. 5 (2011).

Page 6   ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

*Beard,* 68 F.4th 508, 514 (9th Cir. 2023) ("*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). As the Oregon Supreme Court aptly explained in *Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982):

> "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

Claim preclusion applies when a plaintiff files a suit against the same defendant and the claim in the second suit: "(1) is based on the same factual transaction at issue in the first; (2) seeks an additional or alternative remedy to the one sought earlier; and (3) could have been joined in the first action." *Handam v. Wilsonville Holiday Partners, LLC*, 221 Or. App. 493, 498 (2008).

That test is easily met here. Plaintiff's proposed 42 U.S.C. § 1983 claim is based on the exact same factual transaction that has been at issue since the day the original Complaint was filed. And, Plaintiff's motion seeks to assert a new claim based on those exact same facts. Plaintiff could have, but did not join the claim at any time in the more than two years this case was pending before this Court prior to the Court dismissal of Officer Aryanfard.

In addition to claim preclusion, Plaintiff's proposed 42 U.S.C. § 1983 claim is also futile under the doctrine of issue preclusion. To sufficiently state a 42 U.S.C. § 1983 claim, Plaintiff must plausibly allege: (1) the violation of a right secured by the Constitution and laws of the United States; and (2) that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Page 7  ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

Actions under 42 U.S.C. § 1983 "cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of *tribal* law." *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) (emphasis added); *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (9th Cir. 1983) ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law. Indian tribes are separate and distinct sovereignties, and are not constrained by the provisions of the fourteenth amendment. As the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the fourteenth amendment, it follows that actions taken under color of tribal law are beyond the reach of § 1983…"); *Wallulatum v. Confederated Tribes of the Warm Springs Reservation of Oregon Pub. Safety Branch*, No. 6:08-CV-747-AA, 2012 WL 1952000, at *1 (D. Or. May 28, 2012) ("The law is clear that no action can be brought in federal court for alleged deprivations of constitutional rights under the color of tribal law.").

Rather, to state a cognizable 42 U.S.C. § 1983 claim, Plaintiff must allege that Defendants deprived him of a right secured by the Constitution and acted "under color of *state* law." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (emphasis added; quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). And, state action is a jurisdictional requirement for a 42 U.S.C. § 1983 claim. *Stanwood v. Ticor Title Ins. Co.*, 217 F.3d 846 (9th Cir. 2000) ("The district court did not abuse its discretion in dismissing the action for lack of jurisdiction, because defendants are not state actors whose conduct could be construed as action taken under color of state law, as required by 42 U.S.C. § 1983."). "[W]hen a plaintiff brings a 42 U.S.C. § 1983 action against one who does not act under color of state law, the district court may dismiss the action *sua sponte* for lack of subject matter jurisdiction." *Diaz v. Laborde*, 872 F.2d 427 (9th Cir. 1989).

As this Court is aware, the parties spent years litigating the issue of whether Officer Aryanfard was acting in his capacity as a Warm Springs tribal police officer, or in his capacity as a state law enforcement officer under SB 412. The issue was briefed multiple times (with

Page 8   ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon  97201
T (503) 222-4422 F (503) 222-4428

assistance from *amicus*), both before and after discovery was ordered on the issue. The Court held two hours-long hearings on the issue. When it ultimately ruled on Officer Aryanfard's motion to dismiss for lack of jurisdiction, this Court specifically found that "Defendant Aryanfard was acting in his capacity as a tribal officer[.]"[8] This jurisdictional fact is entitled to preclusive effect.

Parties generally may not contest matters they have already had a full and fair opportunity to litigate. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). This preclusion doctrine has long been justified as promoting the dual purpose of protecting litigants and promoting judicial economy. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted). The doctrine has two aspects, "issue preclusion" and "claim preclusion." *Taylor*, 553 U.S. at 892.

Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id*. Unlike claim preclusion, issue preclusion applies to threshold jurisdictional issues. *See, e.g., Underwriters Nat'l Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1982); *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938).

Issue preclusion bars re-litigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

---

[8] ECF 110.

Page 9   **ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

Issue preclusion applies to jurisdictional facts. *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 526, 51 S. Ct. 517, 518, 75 L. Ed. 1244 (1931); *Stoll v. Gottlieb*, 305 U.S. 165 (1938). The issue of whether Officer Aryanfard was acting in his capacity as a Warm Springs tribal police officer or an Oregon state law enforcement officer under SB 412 was a jurisdictional fact that was actually litigated, extensively, before this Court, which necessarily ruled on the issue when it found that he was acting at all times in his capacity as a Warm Springs tribal police officer. And that ruling was subsequently upheld on Plaintiff's motion seeking reconsideration. If the Court permits Plaintiff to amend the Complaint and implead Officer Aryanfard back into the case simply by asserting a 42 U.S.C. § 1983 claim, that same jurisdictional fact would be put at issue yet again, despite the fact that it is entitled to preclusive effect. There is no justification for requiring the parties to litigate this issue yet again, and a third bite at the apple is neither warranted nor supported by law. The Court should deny Plaintiff's motion.

Lastly, but importantly, it must be pointed out that Plaintiff's proposed 42 U.S.C. § 1983 claim appears to rely on the contention that Officer Aryanfard was acting under color of Oregon state law simply by virtue of his "designation as an authorized law enforcement officer under *former* ORS 181A.685, aka Senate Bill 412."[9] This argument has already been rejected by this Court in the specific context of a 42 U.S.C. § 1983 claim, and that decision was affirmed by the Ninth Circuit just last year.

In *Weaver v. Gregory*, 3:20-CV-0783-HZ, 2021 WL 1010947, (D. Or. Mar. 16, 2021), *aff'd*, 21-35324, 2022 WL 1797336 (9th Cir. June 2, 2022), the plaintiff argued that the defendant Warm Springs tribal police officers were state actors for purposes of 42 U.S.C. § 1983 because they had received SB 412 training and were designated as authorized law enforcement

---

[9] Proposed First Amended Complaint, ¶ 104 (ECF 130 at p. 47).

Page 10  ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

officers under SB 412 – the exact same argument that Plaintiff is making in its proposed amendment. This Court rejected that argument, and the Ninth Circuit affirmed: "Defendants' receipt of 'state training and certification to enforce state law under SB 412' does not make them 'state actors[.]'" *Id.* Under the state-action test, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.* at 4 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

So it is in this case, as the issue of Officer Aryanfard's capacity has been extensively litigated over several years only to have this Court conclude that he was acting in his capacity as a Warm Springs tribal law enforcement officer, not as a state law enforcement officer. As this Court and the Ninth Circuit have held, Plaintiff cannot avoid this finding by asserting only that Officer Aryanfard was nevertheless a state actor solely because he was designated as an authorized law enforcement officer under SB 412.

## V. CONCLUSION

The standard for granting leave to amend a pleading is higher than just "leave shall be freely given." The rule conditions the granting of leave to amend on being required by "justice." Fed. R. Civ. P. 15(a)(2). If the use of the term "justice" is to have some meaning, at the very least, it should mean that amendment should not be permitted where it would not only result in impermissible claim-splitting, but claim-splitting that is nothing more than a vehicle to litigate the same issue for the *third* time. The issue of Officer Aryanfard's capacity has been exhaustively litigated, and this Court has issued its ruling. The Court subsequently affirmed that ruling when it denied Plaintiff's motion for reconsideration. As Officer Aryanfard stated in his response to the motion for reconsideration, there is no justification or reason to return this case all the way back to square one.

Page 11    ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

For all of the reasons set forth above, Arjang Aryanfard respectfully requests that this Court deny Plaintiff's Motion for Leave to File First Amended Complaint and for Joinder of Party.[10]

DATED this 20th day of June, 2023.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

s/Daniel S. Hasson
_____
Daniel S. Hasson, OSB No. 052773
dhasson@davisrothwell.com
William G. Earle, OSB No. 831859
wearle@davisrothwell.com
Jonathan Henderson, OSB No. 063554
jhenderson@davisrothwell.com
Attorneys for Arjang Aryanfard

---

[10] Should the Court conclude that Officer Aryanfard lacks standing to challenge Plaintiff's Motion, or that Plaintiff's Motion is otherwise not the appropriate procedural posture for the assertion of such a challenge, Officer Aryanfard reserves the right to assert all potentially applicable defenses, including without limitation, jurisdictional, to Plaintiff's proposed amendments/claims.

Page 12   ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY
L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **ARJANG ARYANFARD'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY** following attorney of record:

Erin K. Olson, OSB No. 934776
Law Office of Erin Olson PC
1631 NE Broadway St #816
Portland OR  97232-1425
Tel:  503-546-3150
Fax:  1-503-296-5913
Email: eolson@erinolsonlaw.com
*Of Attorneys for Plaintiff*

Brigid K. Turner, OSB No. 065846
Brigid K. Turner Attorney at Law LLC
PO Box 5065
Bend OR  97708
Tel: 541-241-6416
Email: brigid.turner@icloud.com
*Of Attorneys for Plaintiff*

Kelly A. Rudd, OSB No. 054961
Baldwin Crocker & Rudd PC
PO Box 1229
Lander WY  82520
Tel: 307-332-3385
Email: rudd@bcrattorneys.com
*Of Attorneys for Plaintiff*

Robert E. Franz, Jr., OSB No. 730915
Law Office of Robert Franz Jr.
PO Box 62
Springfield OR  97477
Tel: 541-741-8220
Fax: 541-741-8234
Email: rfranz@franzlaw.comcastbiz.net
Email: tfranz@franzlaw.comcastbiz.net
*Attorney for Defendants Jefferson County, Oregon; and Tyler W. Anderson*

by E-service through the court file and service system. A courtesy copy was sent by e-mail on this same date.

DATED this 20th day of June 2023.

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.

s/Daniel S. Hasson
_____
Daniel S. Hasson, OSB No. 052773
dhasson@davisrothwell.com
William G. Earle, OSB No. 831859
wearle@davisrothwell.com
Jonathan Henderson, OSB No. 063554
jhenderson@davisrothwell.com
Attorneys for Arjang Aryanfard

Page 1  CERTIFICATE OF SERVICE

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon  97201
T (503) 222-4422 F (503) 222-4428

L:\18\E.J.T. (Thomas)\PLD\RESPONSE TO MOTION TO AMEND.docx