Erin K. Olson, OSB 934776
Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR  97232
Telephone:  (503) 546-3150
eolson@erinolsonlaw.com

Brigid K. Turner, OSB 065846
Brigid Turner, Attorney At Law, LLC
1307 N.E. 11th Street
Bend, OR  97701
Telephone:  (541) 241-6416
Brigid.turner@icloud.com

Kelly A. Rudd, OSB 054961
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY  82520
Telephone:  (307) 332-3385
rudd@bcrattorneys.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **E.J.T.,** a minor, by and through his Conservator, InTRUSTment, Northwest, Inc.,<br><br>                    Plaintiff,<br>         v.<br><br>**JEFFERSON COUNTY,** a public body; **TYLER W. ANDERSON,** in his individual capacity; and **ARJANG ARYANFARD**, in his individual capacity,<br><br>                    Defendants. | Case No.:  3:20-cv-01990-MO<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY** |

**PAGE 1 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

## REPLY TO JEFFERSON COUNTY DEFENDANTS' OPPOSITION

The Jefferson County defendants' primary objection to Plaintiff's motion to amend the complaint is futility. They say there is no claim for negligence that arises from a police officer's negligent investigation of a report of child abuse even when the officer is legally obligated to perform the investigation. Oregon's appellate courts — including most notably the Oregon Supreme Court in this very case – reject the Jefferson County defendants' argument.

The County defendants first argue that there is no negligence *per se* claim because the Oregon Supreme Court has ruled there is no statutory liability claim. The two are not the same, and the Oregon Supreme Court long ago said so. *Bellikka v. Green*, 306 Or 630, 650 (1988) ("Even where a statutory tort is not available, a plaintiff, or a defendant, may be able to use a statute to meet or support one of the elements of his or her claim or defense in an ordinary negligence action. *Where a statute establishes all the elements of common-law negligence, the violation of the statute can be pled as a fact to establish negligence per se.*") (emphasis added).

The Jefferson County defendants also say "there was no relationship, special or otherwise, between Deputy Anderson and E.J.T. that created a duty on the part of Deputy Anderson to take E.J.T. into protective custody. . .". Whether that is true or not, that is not what Plaintiff's proposed amendments say. The amendments allege a claim based on a special relationship between Deputy Anderson and E.J.T. that arises from Deputy Anderson's obligation to investigate E.J.T.'s reported abuse. There is no question that such a claim is viable under *Blachly v. Portland*

**PAGE 2 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

*Police Dep't.*, 135 Or App 109 (1995), which held that a negligence claim was adequately pled where it alleged a duty to investigate was triggered by the receipt of a report of abuse; that the duty was owed to suspected victims of abuse; and that those circumstances were "sufficient to create a special relationship under the [mandatory investigation] statute and for [the agency receiving the report] to initiate an investigation." *Id.* at 117.  That is precisely what plaintiff alleges in the proposed amendments.

Plaintiff does not allege that Deputy Anderson himself was obligated to take E.J.T. into protective custody, just that had Deputy Anderson actually done the investigation and mandatory cross-reporting that he was obligated to do, he would have caused protective action to be taken that would have prevented E.J.T.'s later assault.  The fact that Deputy Anderson's fellow officers later did the investigation Deputy Anderson should have done and charged E.J.T.'s assailant for inflicting the October injuries demonstrates that the claim is not futile.

The Jefferson County defendants conclude their opposition with an argument that if plaintiff is allowed to plead common law negligence claims now, the case will have to go back to the Oregon Supreme Court for a determination of whether such "new negligence causes of action" exist.  As the cases cited above demonstrate, none of the theories of negligence plaintiff is seeking to plead with additional specificity are "new."

Moreover, as previously noted (and quoted), Plaintiff's First Cause of Action in his original complaint alleged "Negligence," not "Statutory Liability" or

**PAGE 3 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

"Statutory Negligence." It was the Jefferson County defendants who challenged the statutory liability theory of plaintiff's negligence claim, although plaintiff did then and has since maintained the position that the "Negligence" claim should and must be read to encompass the other theories or correlated sub-categories of negligence that plaintiff now seeks to advance with the amended complaint at issue. Foreclosing amendment now because plaintiff did not seek certification of a hypothetical challenge to a theory of liability the Jefferson County Defendants did not make would be unjust.

## REPLY TO DEFENDANT ARYANFARD'S OPPOSITION

Defendant Aryanfard's opposition memorandum begins with a count of the number of days since plaintiff filed his lawsuit and the number of days since the court dismissed the claims against him. Not once does he mention the 20-month stay of the case, suggesting Plaintiff should simply have defied the court's order and filed a motion to amend during the stay. His silence as to the stay is all the more inappropriate because Defendant Aryanfard is the party who sought the stay.

Defendant Aryanfard also argues futility, law of the case, *res judicata*, and/or issue preclusion. He starts by challenging plaintiff's proposed common law negligence claim as barred by "law of the case" and *res judicata*. Defendant Aryanfard cites no authority in support of this argument, which was specifically foreclosed by the Oregon Supreme Court. *E.J.T. v. Jefferson County,* 370 Or 215, 239, 518 P.3d 568 (2022) ("Nothing in this opinion should be read as foreclosing the

**PAGE 4 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  EOLSON@ERINOLSONLAW.COM

possibility of a common-law claim under the circumstances that plaintiff has alleged.").

Defendant Aryanfard next argues *res judicata* and issue preclusion foreclose adding a § 1983 claim at this time because the court has dismissed him from the case. He then cites cases that discuss the preclusive effect of a prior prosecution to final judgment, forgetting that he opposed the entry of a final judgment of the claims against him. He also suggests that plaintiff had all the evidence at the beginning of the case as it has now, and should have included a § 1983 claim in the original complaint. That, too, is not true. The only information plaintiff had about Defendant Aryanfard's investigation and decision-making at the commencement of the case was in the report obtained from the prosecutor that Aryanfard wrote more than six weeks after the fact that included thumbnail-sized black and white versions of the photos he took of E.J.T. Only from his deposition testimony did plaintiff learn from Aryanfard why he claims to have investigated the case in the manner he did.

Moreover, there is no statute of limitations bar to the claims plaintiff seeks to bring against Defendant Aryanfard because § 1983 incorporates the state's tolling provisions, and ORS 12.160 tolls the two-year statute of limitations for five years, giving E.J.T. until at least October 2024 to bring his tort claims.

Defendant Aryanfard also argues that issue preclusion bars a § 1983 claim because this Court concluded, after allowing the parties to develop a limited factual record for jurisdictional purposes, that Aryanfard was acting under the color of

**PAGE 5 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

tribal law, not state law, in deciding the question of tribal court jurisdiction. As noted above, in the context of litigating § 1983 claim — which the tribal court unquestionably has no jurisdiction to hear under *Nevada v. Hicks* — that question is one for the jury. Moreover, the court's decision on the tribal court jurisdiction question did not end with a final judgment on the merits, as required for the application of issue preclusion or any other principle of preclusion.

Finally, Defendant Aryanfard's reliance on Judge Hernandez's ruling in *Weaver v. Gregory* is misplaced. The plaintiff in *Weaver* was a Warm Springs Tribal Police Officer who sued the police chief and other public safety leaders for disciplinary action taken against him that he asserted was retaliatory. Judge Hernandez's actual holding was: "Defendants' receipt of 'state training and certification to enforce state law under SB 412' does not make them 'state actors' *when making internal tribal employment decisions*." *Weaver v. Gregory*, 2021 U.S. Dist. LEXIS 49208 at *11, 3:20-cv-0783-HZ (D. Or. March 16, 2021). The court went on to note, "Defendants were not exercising their authority to enforce Oregon law when they allegedly violated Plaintiff's constitutional rights." *Id.* at *12. Plaintiff alleges in his proposed amendments to the complaint that Defendant Aryanfard was doing exactly what Judge Hernandez said the defendants in *Weaver* were not – he was exercising (or leveraging) his authority under SB 412 while investigating the reported abuse of E.J.T. Without SB 412 authority, he could not have forced E.J.T.'s mother and grandmother to bring E.J.T. to the Warm Springs Police Department from the off-Reservation hospital, and he would not otherwise

**PAGE 6 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  EOLSON@ERINOLSONLAW.COM

have had the authority to arrest E.J.T.'s grandmother (as he said he could do) whether she was on the Reservation or not.

## CONCLUSION

For all these reasons, the Court should rejoin Officer Aryanfard as a defendant and allow plaintiff to file the proposed First Amended Complaint attached to his motion as Exhibit A.

Dated:   July 3, 2023.

        LAW OFFICE OF ERIN OLSON, P.C.

        *(signature)*

        Erin K. Olson, OSB 934776
        eolson@erinolsonlaw.com

        BRIGID TURNER, ATTORNEY AT LAW, LLC

        *(signature)*

        Brigid K. Turner, OSB 065846
        Brigid.Turner@icloud.com

        BALDWIN, CROCKER & RUDD, P.C.

        /s/ Kelly A. Rudd
        Kelly A. Rudd, OSB 054961
        rudd@bcrattorneys.com

        Attorneys for Plaintiff

**PAGE 7 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF PARTY**

LAW OFFICE OF ERIN OLSON, P.C.
1631 NE BROADWAY STREET #816  PORTLAND, OREGON 97232-1425
TEL (503) 546-3150  EOLSON@ERINOLSONLAW.COM