IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**E.J.T.,**

Plaintiff,

v.

**JEFFERSON COUNTY et al.,**

Defendants.

Case No. 3:20-cv-01990-MO

OPINION AND ORDER

**MOSMAN, J.,**

After nearly three years of litigation and multiple opportunities, Plaintiff E.J.T. for the first time moves to amend his complaint—in ways that he was or should have been aware of, are barred by the principles of estoppel, and are futile under the law of the case. The Federal Rules of Civil Procedure require courts to "freely give leave" to amend. Fed. R. Civ. P. 15(a)(2). But they are only required to do so "when justice so requires." *Id.* Here, it would be unjust and futile to allow Plaintiff's amendments. I therefore deny Plaintiff's Motion for Leave to File Amended Complaint [ECF 130], for the reasons more fully elaborated below.

**PROCEDURAL HISTORY**

Plaintiff filed his original complaint in November 2020. That complaint named three defendants: Tyler Anderson, Jefferson County, and Arjang Aryanfard. And it alleged four claims for relief. The first claim alleged that all three Defendants were negligent by failing to follow Oregon child abuse reporting statutes. The second claim alleged that all three Defendants had violated ORS 124.105 by permitting the abuse of a vulnerable person. The third and fourth claims alleged violations of 42 U.S.C. § 1983 by Anderson and Jefferson County, respectively.

Jefferson County and Anderson ("State Defendants") moved to dismiss in January 2021. As relevant here, they argued that no private right of action existed under the Oregon child abuse reporting statute. Plaintiff responded to this claim by arguing that there was an implied right of action for violation of the mandatory reporting requirements.

At the same time, Plaintiff separately moved to certify the question of whether "Oregon's mandatory child abuse reporting law [can] serve as a basis for statutory liability." Pl.'s Mot. to Certify Question to Or. Sup. Ct. [ECF 23] at 2. Plaintiff argued that certification was necessary because it would "determine whether plaintiff's First Claim for Relief for Negligence based on statutory liability . . . may proceed against all defendants."[1] *Id.* at 3. In other words, Plaintiff contended that his first claim would rise or fall based on the Oregon Supreme Court's decision. State Defendants opposed certification, arguing it was a waste of judicial resources. But I granted certification, based on Plaintiff's representation that the question was "determinative of the cause then pending in the certifying court." *See* ORS § 28.200 (setting forth the criteria for certification). The opinion granting certification explicitly stated that "[t]he answer to the question[] may dispose of the claims if answered in the negative." F&R Granting Certification [ECF 30].

The Oregon Supreme Court accepted certification and issued an opinion in September 2022. In that opinion, the Court "ask[ed] whether the legislature intended to create a statutory private right of action to address violations of a duty that Oregon's mandatory child-abuse-reporting statutes imposed on defendants." *E. J. T. by & through InTRUSTment, Nw., Inc. v. Jefferson Cnty.*, 370 Or. 215, 224 (2022). The answer: no such private right of action existed. Plaintiff's question had been answered. His first claim was eliminated.

---

[1] "[P]laintiff confirmed those defendants' understanding that the complaint was alleging a claim for statutory liability based on violations of the child-abuse-reporting statutes." *E. J. T. by & through InTRUSTment, Nw., Inc. v. Jefferson Cnty.*, 370 Or. 215, 238–39 (2022).

Meanwhile, in June 2021, Aryanfard moved to dismiss the claims against him under the doctrine of tribal sovereign immunity. Because this doctrine is a defense not only to claims, but also immunity from a suit itself, Aryanfard also moved to stay discovery. I granted a stay, and litigation surrounding Aryanfard's potential immunity from suit, tribal sovereignty, and jurisdictional issues began. These complex questions necessitated limited discovery, two hearings, multiple rounds of briefing, additional motions practice, and the assistance of Amicus Confederated Tribes of the Warm Springs Reservation of Oregon.

Just over a year and a half later, I resolved these issues at a hearing that lasted nearly an hour and a half at which all Parties and Amicus fully explored their positions. In the end, I dismissed the two claims against Aryanfard. I dismissed Plaintiff's first claim for negligence under ORS 419B.010 with prejudice. O&O Granting Def.'s Mot. to Dismiss [ECF 111] at 2. As for Plaintiff's second claim for violation of ORS 124.105, I dismissed with prejudice "the theory that [Aryanfard] was acting under SB 412 authority and there was waiver." *Id.* But I dismissed without prejudice "the theory that there is no tribal jurisdiction" to allow Warm Springs Tribal Court to determine if it had jurisdiction. *Id.*

After all this—and four months since the dismissal of his claims against Aryanfard— Plaintiff now moves to amend his complaint for the first time. Plaintiff seeks to join Aryanfard as a defendant pursuant to FRCP 19 (Joinder of Required Parties) or FRCP 20 (Permissive Joinder) and add a § 1983 claim against him. Plaintiff also seeks to amend his first claim for relief for negligence to distinctly allege common law negligence claims under three different theories: a special relationship, negligence per se, and general foreseeability.

## LEGAL STANDARD

FRCP 15(a)(2) requires plaintiffs to seek the court's leave to amend if more than 21 days have passed since service of a complaint. The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

This is not a free pass, however. The Ninth Circuit has held that a court can deny leave to amend because of (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Delay alone is not enough to deny leave to amend. "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973). *Howey* held that the district court abused its discretion when it denied a motion for leave to amend even though the motion was made five years after the original complaint was filed. *Id.* at 1192.

But "denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally" is not an abuse of discretion. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## DISCUSSION

### I.  Negligence Claim

Plaintiff argues that he should be allowed to amend his negligence claim because the Oregon Supreme Court's decision only disposed of the statutory liability negligence claim and did not foreclose common law negligence claims. Pl.'s Mot. to Amend. Compl. at 10–12. I disagree.

The doctrines of judicial estoppel and the law of the case preclude Plaintiff from amending his negligence claim.

### A.  Judicial Estoppel

Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996). The doctrine is "intended to protect the dignity of the judicial process" and ensure "the orderly administration of justice" by deterring litigants from "playing fast and loose with the courts." *Id.* at 601 (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), *cert. denied,* 501 U.S. 1260 (1991)).

The Oregon Supreme Court answers certified questions only if the questions "may be determinative of the cause then pending in the certifying court." ORS 28.200. In other words, only questions that may be dispositive of claims are fit for certification.

Plaintiff argued for certification specifically on this basis, arguing that the certified question would "determine whether plaintiff's First Claim for Relief for Negligence based on statutory liability . . . may proceed against all defendants."  Pl.'s Mot. to Certify Question to Or. Sup. Ct. at 3. This argument was central to persuading me to certify the issue. Plaintiff argued, and I took him at his word, that his first claim for negligence would rise or fall on the Oregon Supreme Court's decision.

But, Plaintiff argues, his claims for common law negligence are distinct from his claim for statutory negligence and he "did not agree that he would forego any claim for negligence if the court certified the question of statutory liability." Pl.'s Mot. to Amend Compl. at 17. This argument skirts the issue. If Plaintiff had disclosed at the start that he was secretly sitting on a theory of common law negligence, I would not have certified the question, nor would the Oregon Supreme

Court have granted certification, because the Oregon Supreme Court would not have had statutory authority to answer it.

From the outset, Plaintiff could have pled common law negligence and avoided certification all together. Instead, he doubled down on a novel theory of statutory negligence and argued for certification on the basis that the claim would rise or fall based on the Oregon Supreme Court's decision. It fell. He cannot now change positions and argue that the certified question was not determinative of his negligence claim and seek to amend it to evade the Oregon Supreme Court's ruling. This is precisely the "fast and loose" conduct judicial estoppel seeks to deter.

As such, Plaintiff is judicially estopped from amending his negligence claim.

### B.  Law of the Case Doctrine

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). This means a court's decision "should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018).

Before I discuss how the law of the case precludes Plaintiff's proposed negligence claims, I must first clarify my ruling on Plaintiff's Motion for Reconsideration [ECF 123]. I denied Plaintiff's motion for reconsideration because he "argued that the certified question would determine if Claim 1 could proceed against all defendants, and that argument was part of the decision to grant the motion to certify." Order Pl.'s Mot. for Recons. [ECF 123]. I concluded that the law of the case doctrine applied and Plaintiff could not now change positions to avoid the Oregon Supreme Court's unfavorable ruling. *Id.*

In denying Plaintiff's motion for reconsideration, I should have applied the doctrine of judicial estoppel, not the law of the case. Because Plaintiff had moved for certification on the basis that it would determine if his negligence claim could proceed, he was estopped from amending his negligence claim to avoid the Oregon Supreme Court's unfavorable ruling.

Now, here, the law of the case doctrine precludes Plaintiff's motion to amend because he raises the exact same argument for leave to amend his negligence claim that he raised in his motion for reconsideration. Since Plaintiff moved for reconsideration, nothing in this case has changed. Yet, he raises the same argument I already rejected and does not provide any reasons as to why I should deviate from my prior ruling on the issue.

Accordingly, the law of the case also precludes Plaintiff's motion to amend his negligence claim and renders his proposed amendment futile.

## II.    Section 1983 Claim Against Officer Aryanfard

Next, Plaintiff argues that he should be allowed to amend his complaint to add a § 1983 claim against Aryanfard. Again, the law of the case makes Plaintiff's amendment futile.

Plaintiff contends that Aryanfard was acting as an Oregon law enforcement officer under SB 412. But I rejected this argument when I dismissed with prejudice Plaintiff's claim against Aryanfard under ORS 124.105. I found that Aryanfard was acting in his capacity as a tribal officer and was not acting as an Oregon state law enforcement officer under SB 412. Section 1983 only applies to deprivations of constitutional rights under the color of state law; it does not apply to deprivations of constitutional rights under tribal law. *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). Because I already found that Aryanfard was acting in his capacity as a tribal officer, Plaintiff cannot maintain a § 1983 claim against him under the law of the case. Accordingly, Plaintiff's proposed amendment is futile.

7 – OPINION AND ORDER

Plaintiff's contention that his proposed § 1983 claim is based on new evidence is unavailing because Plaintiff never specifies what the new evidence is.[2] Plaintiff seems to imply that he learned for the first time from Aryanfard's deposition that Aryanfard based his investigation on his belief that Plaintiff's father was Indian. Pl.'s Mot. to Amend. at 13. But Plaintiff knew this when he filed the Complaint. Aryanfard met with Plaintiff at the Warm Springs Police Department because he believed Plaintiff's father was a member of the Warm Springs Tribe and lived on the reservation. Despite Plaintiff's contention, he has presented no new evidence.

Similarly, the case law does not support Plaintiff's claim that the question of whether Aryanfard was acting under state or tribal law is for a jury to resolve. A district court may dismiss a § 1983 action sua sponte for lack of subject matter jurisdiction when it is brought against one who does not act under the color of state law. *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981); *R.J. Williams*, 719 F.2d at 982.

As such, Plaintiff's proposed § 1983 claim is futile under the law of the case, and I deny Plaintiff's motion to add a § 1983 claim against Aryanfard.

## CONCLUSION

For the reasons stated above, I DENY Plaintiff's Motion for Leave to File Amended Complaint [ECF 130].

IT IS SO ORDERED.

DATED this __22__ day of September, 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

---

[2] *Pit River Home & Agric. Coop. Ass'n v. United States* notes that the law of the case doctrine might not apply if "substantially different" evidence emerges. 30 F.3d 1088, 1096–97 (9th Cir.1994).

8 – OPINION AND ORDER